**2. APPEAL AND ERROR (§ 564*) — RECORD — STATEMENT OF FACTS.**

After the transcript was filed, counsel for plaintiff in error withdrew it to prepare his brief, and, when it was returned, it did not contain a statement of facts, and the affidavit of counsel for plaintiff in error was that, when the clerk of the county court delivered the transcript to him to be forwarded, it was rolled up ready to be mailed, and that, supposing it contained the statement of facts, he did not unroll it and did not know that it did not contain the statement until about two months before making the affidavit, when he found that the statement of facts was with the original papers in the county clerk's office. *Held*, that it was counsel's duty to see that the statement was filed within the proper time, and the affidavit did not show sufficient excuse for his failure, so that errors necessitating the presence of a statement of facts in the record will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2504, 2505; Dec. Dig. § 564.*]

Error to Falls County Court; W. E. Hunnicutt, Judge.

Action by C. T. Hunter against L. P. Russell, in which defendant reconvene. Judgment for defendant, and plaintiff brings error. Affirmed.

E. W. Bounds, for plaintiff in error. Spivey, Bartlett & Carter, for defendant in error.

KEY, C. J. Plaintiff in error brought this suit against defendant in error, seeking to recover $450 as damages. Defendant in error reconvened and recovered a judgment against plaintiff in error, which the latter seeks to have set aside by this writ of error.

All the questions presented for decision depend upon the facts or the testimony submitted to the jury, and, as no statement of facts has been filed in this court, we cannot hold that reversible error was committed. The judgment was rendered November 10, 1909. The writ of error was sued out December 15, 1909, and the transcript was filed in this court on March 8, 1910. Counsel for plaintiff in error withdrew the transcript for the purpose of preparing his brief, and, when it was returned to this court, it was accompanied by the original statement of facts agreed to and approved by the trial judge and filed in the court below. Attached to it is a written affidavit made by counsel for plaintiff in error on the 2d day of January, 1911, and which is to the effect that, when the clerk of the county court delivered to him the transcript, his best recollection is that it was rolled up, ready to be mailed; that, supposing it to contain the statement of facts, he did not unroll it, but forwarded it forthwith to the clerk of this court; that he was not aware of the fact that it did not contain the statement of facts until he withdrew the transcript about two months prior to the making of the affidavit; that, upon investigation, he found the statement of facts among the original papers in the county clerk's office. No mo-

tion has been presented asking permission to file the statement of facts at this late day; and, if the affidavit referred to should be treated as a substitute for such motion, we are of opinion that the request should not be granted. When a litigant undertakes to remove a case to an appellate court for the purpose of obtaining relief in that court, it devolves upon him to see to it that the transcript and statement of facts are filed in the appellate court within the time prescribed by the statute; and, if he desires further time for filing either document, he must show that the failure to file within the time required by law was not attributable to his want of care and diligence, and such showing is not made in this case. The affidavit fails to show that the county clerk or any one else misled the attorney and caused him to believe that the statement of facts was rolled up with the transcript, and therefore he had no right to assume that such was the case. It being his duty to see that the statement of facts was filed in this court within proper time, he should have ascertained whether or not it was with the transcript; and, having failed to do so, he has not shown such an excuse as will entitle his client to have the statement of facts filed and considered.

No reversible error has been shown, and the judgment is affirmed.

Affirmed.

---

**COCKRELL et al. v. HOUSTON PACKING CO. et al.†**

(Court of Civil Appeals of Texas. Dec. 17, 1910. Rehearing Denied Jan. 12, 1911.)

**1. PLEADING (§ 312*) — EXHIBITS — CONSTRUCTION.**

Where a contract is made a part of a pleading by being attached thereto as an exhibit, the court will on demurrer give to the contract the legal effect to which it is entitled, and the legal effect thereof will control where the allegations of the pleading and the recitals of the contract are in conflict.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 943; Dec. Dig. § 312.*]

**2. LANDLORD AND TENANT (§ 76*) — ASSIGNMENT OF LEASE — ACTS CONSTITUTING.**

A lessee covenanting not to sublet or assign without the consent of the lessor, mortgaged his interest in the lease to a creditor, and subsequently he became a bankrupt and entered into a contract with a third person reciting that he was desirous of effecting a composition with creditors and of continuing the business on the leased premises; that the third person had agreed to advance money to effect a composition; that the third person might go into possession of the leased premises and run the business until the advance made by him was paid in full, and the amount due the creditor secured by the mortgage was settled; and providing that the third person should not acquire any vested interest in the business or the lease, but should simply operate the business in the name of the lessee as his agent for a specified compensation. *Held* that, though the third person was acting as agent of the creditor, secured

by the mortgage, the contract did not operate as a sublease or an assignment.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 228; Dec. Dig. § 76.*]

Appeal from District Court, Harris County; W. P. Hamblen, Judge.

Action by Abbott Cockrell and another against the Houston Packing Company and others. From a judgment sustaining a general demurrer interposed by defendant named, after the dismissal of the action, as against codefendants, plaintiffs appeal. Affirmed.

Andrews, Ball & Streetman, for appellants.

McMEANS, J. This suit was instituted by plaintiffs against the Houston Packing Company, F. P. Chandler and Herman Walther. Afterwards, by a supplemental petition, plaintiffs dismissed as against Chandler and Walther, and sought judgment only against the Houston Packing Company. A general demurrer urged by the defendant to plaintiffs' petition was sustained, and, upon plaintiffs' declining to amend, their suit was dismissed, and from the action of the court in sustaining the demurrer plaintiffs have appealed.

Plaintiffs alleged, in substance, that on December 5, 1904, Cockrell & Bonner rented from J. J. Sweeney, the owner, a certain building situated on lots 9 and 10 in block 56 in the city of Houston for a term of five years and nine months, beginning December 15, 1904, and ending September 15, 1910, and that in the contract of renting it was expressly agreed that the said Cockrell & Bonner should have the right to sublet or subrent any portion of said building for lawful business; that on October 20, 1905, said Cockrell & Bonner, by an instrument in writing, sublet a part of said building, viz., the storeroom known as 503 Main street, to J. B. Ruhland, for a period of four years and ten months, beginning November 15, 1905, and ending September 15, 1910, and that said Ruhland moved into and occupied and continued to occupy said storeroom until January 15, 1906, when he died, and that thereafter on February 2, 1906, Mrs. J. B. Ruhland, and her daughter, Clara Ruhland, who, as sole heirs at law of J. B. Ruhland, became vested with all the rights and interest which the said J. B. Ruhland had in said lease transferred and assigned all their right, title, and interest in said lease to Herman Walther, who thereupon assumed all the obligations, covenants, and stipulations contained in said lease; that as a part of said lease to Ruhland it was expressly and impliedly covenanted and agreed that said Ruhland should not, without the consent of Cockrell & Bonner, sublet said premises or assign the lease for all or any part of the term covered by said lease; that said Walther accepted said lease and became bound not to sublet the rented premises, nor to assign the lease, and that he occupied the said leased storeroom from February 2, 1906, until October 13, 1906. That about February 2, 1906, Walther being indebted to the Houston Packing Company in the sum of $800, in order to secure the payment of said sum, executed and delivered to said company, without the consent of Cockrell & Bonner, an instrument in writing in the form of a chattel mortgage, wherein he undertook to transfer and assign to the packing company all his interest in the lease above described; that in February, 1906, Walther upon his own petition was adjudged a bankrupt, and in October, 1906, he filed his petition for composition with his creditors, and in the same month his petition was granted and the bankruptcy proceeding was closed; that the funds necessary to make the composition, viz., $650, were procured by Walther from the Houston Packing Company, and in order to secure said sum to the packing company, Walther, on October 13, 1906, made and entered into an agreement in writing, "a substantial copy of which is hereto attached and marked 'Exhibit A,' and asked to be taken as a part hereof as fully as if set out at length herein." The petition further alleges:

"That in said agreement hereinbefore referred to said Herman Walther agreed that the defendant F. P. Chandler should go into possession of said leased premises, and should continue to run the same, using the lease, fixtures, and the stock in trade, and that the said F. P. Chandler might run said business until advances should have been paid for in full, and the amount due the Houston Packing Company should be fully extinguished and settled in full. That it is recited in said instrument that said F. P. Chandler had agreed to advance said Walther the sum of six hundred and fifty dollars ($650) to enable him to effect a composition with his creditors, but in truth and in fact said F. P. Chandler did not agree in person to advance said sum of money, but that the said agreement was made by F. P. Chandler for, and on behalf of the Houston Packing Company, and that said Houston Packing Company did in fact advance for said purpose said sum of six hundred and fifty dollars ($650), or approximately that amount. That while said F. P. Chandler is in said instrument ostensibly a principal party in truth and in fact said F. P. Chandler was acting in said matters and transactions as the agent and for and on behalf of the defendant Houston Packing Company, and said instrument was executed by the said Herman Walther at the instance of and upon the procurement of said Houston Packing Company for the purpose of securing the payment of said indebtedness of eight hundred dollars ($800) attempted to be secured by the chattel mortgage upon said leasehold hereinbefore mentioned, and for the purpose of securing the payment of said sum so advanced by said

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

Houston Packing Company to enable said Walther to effect a composition with his creditors.

"That while in said instrument the said F. P. Chandler is described as the agent of said Herman Walther, in truth and in fact the said F. P. Chandler was at all of the times herein mentioned the agent and employé of the said Houston Packing Company, and was acting in all of said transactions for and on behalf of said Houston Packing Company, and for the purpose of securing the said indebtedness hereinbefore mentioned owing by the said Herman Walther to said Houston Packing Company. That after the execution of said instrument, and after the confirmation of the composition in bankruptcy hereinbefore set out, said defendant F. P. Chandler, for and on behalf of said Houston Packing Company and under the authority conferred upon him by said agreement, entered into the possession of said storehouse known as No. 503 Main street, and assumed charge and control of said business, and conducted said business therein and occupied said premises until, to wit, the 23d day of July, 1907. That after the execution of said instrument hereto attached and marked 'Exhibit A' said Herman Walther ceased to exercise any control over said business, and shortly thereafter left the city of Houston, and remained away from said city until about the 15th day of December, 1906, and thereafter on or about the 15th day of January, 1907, said Herman Walther accepted employment from said Houston Packing Company in the capacity of salesman in the city of Galveston, Texas, and continued in said capacity until, to wit, the 10th day of February, 1907, and that during all of said time said lease and premises were occupied, managed, and controlled by the defendant F. P. Chandler at the instance and for the benefit of the said Houston Packing Company.

"That all of said acts and transactions by and between said defendants were done without the knowledge and consent of said Cockrell & Bonner, or either of them, and that said acts and transactions were in fact and in law a subletting and assignment of said lease on the part of the said Walther, and were violations of the covenant expressed and impliedly contained in said lease, and entitled the said Cockrell & Bonner to declare said lease terminated and forfeited and to re-enter and take possession of said premises; that said acts and transactions whereby said premises were sublet and transferred were not known unto said Cockrell & Bonner, or either of them, until on or about the 10th day of December, 1906, and on or about said date said Cockrell & Bonner having for the first time ascertained that the said Herman Walther had transferred and assigned said lease and sublet said premises, elected to forfeit and terminate said lease by reason of said facts thereupon made a demand in writing upon the said F. P. Chandler, and upon one A. B. Weinberg, who was then and there employed by said Chandler in running said business, for the possession of said premises, but the said F. P. Chandler, though requested in writing, as aforesaid, to surrender possession of said premises, failed and refused to surrender possession thereof."

That thereafter Cockrell & Bonner instituted an action of forcible entry and detainer against one Weinberg, who disclaimed and as to whom the case was dismissed, and against Chandler, who answered, resisting the suit; that thereafter plaintiffs made Walther a party to the suit, and he afterwards appeared and contested the action, "and in combination, conspiracy, and collusion with the said F. P. Chandler and Houston Packing Company assisted the said F. P. Chandler and said Houston Packing Company in withholding the possession of said premises and the said F. P. Chandler severally, and at the instigation and upon the advice and by the procurement of and for the benefit of said Houston Packing Company, together with said Herman Walther, contested said forcible entry and detainer proceedings in said justice's court and in the county court of Harris county, Texas, to which said court was appealed, and said Herman Walther and F. P. Chandler filed in said cause divers answers, pleas, and motions resisting and contesting the right of said Cockrell & Bonner to obtain possession of said premises, and thereby said Herman Walther and F. P. Chandler and said Houston Packing Company withheld possession of said premises from said Cockrell & Bonner and continued to occupy and use said premises until the 23d day of July, 1907."

"That on or about —— day of June, 1907, said Cockrell & Bonner having obtained a final judgment against said F. P. Chandler and said Herman Walther in said forcible entry and detainer proceedings in the county court of Harris county, Texas, awarding to the said Cockrell & Bonner the possession of said premises, and directing the issuance of a writ of restitution therefor, said defendants Herman Walther and F. P. Chandler advised and assisted and instigated thereto by the defendant Houston Packing Company, and for the purpose of still further withholding possession of said premises from said Cockrell & Bonner, prepared their certain petition for an injunction restraining the execution of the writ of restitution in said forcible entry and detainer proceeding, and presented said petition to the Honorable N. G. Kittrell, judge of the Sixty-First judicial district of Harris county, Texas, and caused said judge to make his certain fiat, the same being in substance and effect a temporary restraining order restraining the execution of said writ of restitution until the hearing of said petition, and thereafter in said district court in the Sixty-First judicial district of Texas, said Walther and said Chandler, aided, assisted, advised, and instigated thereto by

the Houston Packing Company, prosecuted said suit for an injunction until, to wit, the 19th day of July, 1907, when said petition for an injunction was finally refused by said district court, and thereafter said defendants continued to withhold possession of said premises until said 23d day of July, 1907, at which time possession of said premises was taken by the sheriff of Harris county, Texas, and possession of said premises was delivered to plaintiff, Abbott Cockrell, the successor, as hereinafter alleged, of said firm of Cockrell & Bonner.

"That in said forcible entry and detainer proceeding the issue was joined as to the right of said Cockrell & Bonner to retain possession of said premises as against the said defendants, Walther and Chandler, and as to whether or not said lease of said Herman Walther had been forfeited and terminated, and in said cause it was finally adjudged and determined that said lease had been forfeited and terminated as against the said Walther, and that the plaintiffs, Cockrell & Bonner, were entitled to the possession of said premises as against said defendants.

"That in truth and in fact said lease of said Herman Walther was terminated and forfeited by reason of the facts hereinbefore alleged, and neither said Walther, nor said Chandler, nor said Houston Packing Company, nor any or either of said defendants, were entitled to possession of said premises from and after the 15th day of December, 1906, but that notwithstanding said facts said defendants Walther and Chandler and Houston Packing Company, from and after said 15th day of December, 1906, withheld the possession of said premises from said Cockrell & Bonner, and continued to use, occupy, and enjoy said premises, and that the reasonable rental value of said premises so held, occupied, and used by said defendants was the sum of two hundred and sixty dollars ($260) per month, and that said defendants so used and occupied said premises and so withheld possession of the same for a period of seven months and eight days, and that the aggregate reasonable rental value of said premises for said time was the sum of $1,885.60.

"That during said time from the 15th day of December, 1906, until the 23d day of July, 1907, neither of said defendants, nor any of them, have paid or caused to be paid any rent whatever for said premises, and though often requested to pay said sum of $1,885.60 or any part thereof said defendants and each of them have wholly failed and refused.

"That the acts of said defendants, Walther and Chandler and Houston Packing Company, in withholding possession of said premises were for the benefit of the said Houston Packing Company and for the purpose of enabling said Houston Packing Company to obtain the payment of said indebtedness owing to it by the said Herman Walther; that during the period above mentioned all of the proceeds of said business were paid to said Houston Packing Company, and said business was operated for its benefit, and that Houston Packing Company received all of the proceeds therefrom and retained all of the proceeds thereof except such sums as were paid out on account of expenses in operating said business, and that the said defendants Chandler and Walther, in all of the acts and transactions hereinbefore alleged, were acting by and for the benefit of said Houston Packing Company, and that each and all of said defendants conspired, colluded, and acted together for their joint and several benefit in withholding said premises and using the same during the period hereinbefore mentioned, and that thereby said defendants and each of them became jointly and severally bound to pay to said Cockrell & Bonner and to their assigns the reasonable rental value as hereinbefore alleged for the use of said premises during said period, yet to pay the same or any part thereof said defendants and each of them have wholly failed and refused."

The petition further alleges: "That from and after the 15th day of December, 1906, the said Cockrell & Bonner were entitled to the possession of said above-described premises, and that neither the Houston Packing Company nor either or any of said defendants were entitled to the possession or use thereof, but that nevertheless, whether entitled thereto or not, the said Houston Packing Company by and through its agent F. P. Chandler, and afterwards by and through its agents F. P. Chandler and H. P. Walther, and each of them, the said Houston Packing Company withheld the possession of said premises from said Cockrell & Bonner, and used and occupied said premises, which were of the reasonable rental value of $260 per month from said 15th day of December, 1906, until the 23d day of July, 1907, and that said defendants Houston Packing Company thereby impliedly promised and became bound and liable to pay to said Cockrell & Bonner the reasonable rental value of said premises for said period of time, to wit, the sum of $1,-885.60, with interest thereon from said 23d day of July, 1907, at the rate of 6 per cent. per annum. * * *

"And if mistaken in the allegation that the Houston Packing Company was bound by its implied promise as aforesaid to pay the reasonable rental value of said premises, the plaintiff alleges that the said Houston Packing Company by and through its agents as hereinbefore alleged, wrongfully withheld from said Cockrell & Bonner and from plaintiffs the possession of said premises to which said Cockrell & Bonner were entitled as aforesaid, from the 15th day of December, 1906, continually until the 23d day of July, 1907, and that said Cockrell & Bonner and plaintiffs were thereby wrongfully and tortiously deprived of the use of said premises for said length of time, and

were thereby damaged to the extent of the reasonable value of said use and occupation of said premises which is alleged to be the sum of $1,885.60, with interest thereon from July 23, 1907, at 6 per cent. per annum, and that by reason of the premises plaintiffs are entitled to recover said sum from said Houston Packing Company, which, though often requested, the said defendant Houston Packing Company has wholly failed and refused to pay."

Other allegations in the petition sufficiently show the right of plaintiff F. E. Pye to recover upon the cause of action asserted if any arose under the facts stated in favor of Cockrell & Bonner.

The contract between Walther and Chandler, a copy of which is attached to and made a part of the petition, marked "Exhibit A" is as follows:

"State of Texas, County of Harris. This agreement this the 13th day of October, 1906, entered by and between Herman Walther, party of the first part, and F. P. Chandler, party of the second part, both of the state of Texas, county of Harris. Witnesseth: That whereas Herman Walther, party of the first part, has been duly adjudicated a bankrupt in the United States District Court for the Southern District of Texas, at Houston, Texas; and whereas he is desirous of effecting a composition with his creditors and continuing the business heretofore conducted by him at No. 503 Main street, Houston, Texas; and whereas, the said F. P. Chandler, party of the second part, has agreed to advance to the party of the first part sufficient money to enable him to effect a composition with his creditors, to wit, the sum of $650 (six hundred & fifty); and whereas, none of the creditors of the party of the first part have any security for their indebtedness, except the Houston Packing Company, which said company has a chattel mortgage upon the lease of the said first party, together with all the fixtures of every kind and class situated in his place of business at No. 503 Main street; and whereas, it is proposed in the composition to be effected that the said Walther shall only be required to arrange with the unsecured creditors, and that the Houston Packing Company will accept the security which they now have, and permit the said Herman Walther to pay the same in such installments as may be convenient to him hereafter, the terms of the payment to be governed by this contract: Now, therefore, know all men by these presents that it is agreed by and between the parties hereto as follows: That the said Herman Walther, in consideration of the advances made by the said Chandler agrees that the said Chandler may go into possession of said leased premises at 503 Main street and shall continue to run the same, using the lease and fixtures and what stock in trade may be on hand and to run said business until said advances made by the said Chandler are paid off in full, and the amount due the Houston Packing Company is fully extinguished and settled in full.

"It is especially understood and agreed, however, that this instrument shall not operate as a transfer or assignment either of the lease or the fixtures of the business of the said Herman Walther, nor shall the said F. P. Chandler acquire any vested interest either in the business, the fixtures, or the lease of the said premises, it being clearly and distinctly understood that the said F. P. Chandler shall simply operate said business in the name of Herman Walther as his agent under the terms of this instrument, until the advances made by him and the claim of the Houston Packing Company are paid in full, and that as soon as this is done, that the possession of said premises shall be returned, together with the fixtures and the lease now held on said building, to the said Herman Walther, the said Herman Walther having the right, during that period that said Chandler is in possession, to draw from the said business not more than six and 50/100 ($6.50) per month.

"It is further agreed that the said Chandler, in consideration of his services in running said business, shall be permitted to draw from said business a reasonable compensation for his services for so doing, and the said Chandler shall have full power and authority to buy such supplies, goods, wares, and merchandise as may be necessary to continue the same, it being the purpose of said Herman Walther to vest in said F. P. Chandler full power to do what may be necessary to carry on and continue to run said business. And the said Chandler, on his part, in consideration of the compensation to be paid him for his services in running said business, and the return to him out of the proceeds and profits of said business of the amount advanced by him to the said Herman Walther, agrees to run said business as economically as possible, and to return said business to the said Herman Walther as soon as said advances, and the claim of the Houston Packing Company are paid in full free of any charge or lien of any kind or character."

Whether or not the court erred in sustaining a general demurrer to plaintiffs' petition depends upon whether the allegations of the petition, taken in connection with the contract attached as an exhibit, shows that the contract between Walther and Chandler was a subletting of the storeroom in question, or an assignment of Walther's lease from Cockrell & Bonner. If either, then the allegations of the petition are sufficient to show such a breach of Walther's lease contract as to entitle Cockrell & Bonner, or their assigns, to take immediate possession of the leased premises, and also to show liability of the Houston Packing Company for the reasonable rental value thereof from the date that Chandler assumed possession under the contract until Cockrell & Bonner, or their assigns, regained possession. The exhibit hav-

'ing been made a part of the petition the court will give to the instrument the legal effect to which it is entitled, and the legal effect will control when the allegations of the petition and the recitals of the instrument are found to be in conflict. Beal v. Alexander, 6 Tex. 531; Pyron v. Grinder, 25 Tex. Supp. 160; Beham v. Ghio, 75 Tex. 89, 12 S. W. 996.

It seems to be well settled that where an instrument declared on is made an exhibit there cannot be a variance, even though the pleader had been mistaken in alleging its legal effect, and, as said in the case last cited, "it follows that a false allegation as to the legal effect of an instrument annexed to a pleading is cured by the writing itself." Looking, now, to the exhibit, it appears that the contract between Walther and Chandler cannot be given the effect of an assignment of the former's lease or of a lease itself, but that the same is a contract of agency, whereby Chandler is empowered as Walther's agent to run Walther's business for the accomplishment of a specific purpose. Under the contract the agency ends when the purpose of the parties has been accomplished. Chandler's possession during said time is Walther's possession. It was expressly stipulated in the instrument that the same should not operate as a transfer of Walther's lease or of the fixtures of his business and that Chandler should not acquire any vested interest either in the business, fixtures, or lease, and that Chandler should simply operate the business in Walther's name and as his agent. That the parties regarded the business to be run by Chandler as Walther's is shown by the further fact that it was agreed that the latter should be permitted to draw from the business a stated sum monthly during the time of Chandler's possession. It is true that both Chandler and the Houston Packing Company were beneficiaries under the agreement, in that they were to have the proceeds of the business applied to the extinguishment of the debts due them. But in the same sense Walther was also a beneficiary, for by the same act he would be relieved from his pecuniary obligations to both. Nor can it make any difference that Chandler in making the contract with Walther was acting for and as the agent of the Houston Packing Company, as alleged by plaintiffs, for if he was then the effect of the contract was to make the packing company the real agent of Walther, but that fact could not be given the effect of changing a contract of agency into an assignment of the lease or as a sublease of the premises in question.

We have concluded that the assignment should be overruled and it has been so ordered.

In the opinion of this court in Walther v. Anderson, 114 S. W. 414, certain expressions are used which are in seeming conflict with the views here expressed. The question before us in that case was whether the justice court of Harris county had jurisdiction of the forcible entry and detainer proceedings brought by Cockrell & Bonner against Walther and Chandler to recover the possession of the premises in controversy, and not whether the facts proved established a forfeiture of Walther's lease. A proper construction of the contract between Walther and Chandler was not essential to a decision of that case, and a careful reading of the opinion discloses that a construction of the legal effect of the contract was not attempted.

The judgment of the court below is affirmed.

Affirmed.