ABBOTT COCKRELL ET AL. V. HOUSTON PACKING COMPANY ET AL.

No. 2235.   Decided June 5, 1912.

1.—Lease—Mortgage—Assignment.

The mortgagee of a lease, not in possession of the leased property, can not be considered an assignee; but if he takes possession of the leased premises he becomes in law the assignee of the lease and is liable for the rents to the landlord.   (P. 294.)

2.—Same—Subletting—Possession.

A tenant having no right to sublet or assign, who, having mortgaged his lease to secure a debt, placed in possession of the premises and fixtures of his business a third party, with full power to occupy, to buy goods on his own credit, and to run the business till the mortgage debt was paid from the proceeds, when possession was to be returned to the tenant, thereby, in effect, placed such mortgagee in possession and in the position of an assignee liable to the landlord for the rents, or, if unlawfully in possession, liable as a trespasser for the value of the rents. It was immaterial by what form of contract this was accomplished; or that the party so placed in possession was authorized to run the business in the name of the tenant, the contract not being in effect one of agency for him; or that the mortgage of the lease was void or voidable; or that the person put in possession of the business was to draw a salary for running it.   (Pp. 293-295.)

Error to the Court of Civil Appeals, First District, in an appeal from Harris County.

Cockrell and others sued the Houston Packing Co. and others, and appealed from a judgment sustaining a demurrer to the petition. On affirmance, plaintiff obtained writ of error.

*Andrews, Ball & Streetman,* for plaintiff in error.—That the transfer of possession and mortgage of the leasehold estate to F. P. Chandler terminated the lease and entitled the lessor to possession.   Forrest v. Durnell, 86 Texas, 647; Becker v. Warner, 98 Pa. St., 555; West Shore Ry. Co. v. Wenner, 57 Atl., 410; Walther v. Anderson, 114 S. W., 414.

That the parties occupying the property after forfeiture of the lease were trespassers.   Rose v. Riddle, 3 Texas App. C. C. (Willson), 299.

All of the parties, including Houston Packing Company, who participated in the trespass were joint actors and legally liable.   Same case, par. 301.

Measure of damages was reasonable rental value of property during its unlawful occupancy by defendants.   H. E. & W. T. Ry. Co. v. Adams, 63 Texas, 200.

Where a mortgagee or an assignee of a lease, by way of security for the indebtedness of the lessee, goes into possession of the demised premises, he at once becomes responsible to the lessor for the rents and profits of the same.   2 Underhill, Land. and Ten., 1101; Astor v. Hoyt, 5 Wend., 603; Childs v. Clark, 49 Am. Dec., 164.

*Hunt, Myer & Teagle,* for defendants in error.

MR. JUSTICE DIBRELL delivered the opinion of the court.

This is a suit, as it comes to this court, by Abbott Cockrell and F. E. Pye against the defendant, Houston Packing Company, begun November 1, 1909, in the District Court of Harris County to recover $1,885.60, the rental value of certain property, situated in the city of Houston. On January 18, 1910, the Houston Packing Company demurred generally to plaintiffs' first amended original petition, and the trial court having sustained the general demurrer to said petition, plaintiffs declined to amend and the cause was dismissed. Upon the issue of the sufficiency of the pleadings as affected by the general demurrer, plaintiffs appealed to the Honorable Court of Civil Appeals at Galveston, and on December 17, 1910, that court affirmed the judgment of the trial court. Abbott Cockrell et al. v. Houston Packing Company et al., 133 S. W., 697.

The case is in this court upon writ of error granted February 7, 1911.

It is not practicable to present clearly the questions of law involved in the proper disposition of this cause by giving a condensed statement of the material allegations of the condemned pleading, and hence, at the risk of being prolix, we will set out in full the amended petition with its exhibit which is as follows, omitting the formal parts:

"Second. That heretofore, to-wit, on December 5, 1904, J. J. Sweeney was the owner of that certain building and premises located on parts of Lots Nine (9) and Ten (10), in Block 56, being in area of about 50 by 70 feet, fronting on Main Street and Prairie Avenue, on the south side of Buffalo Bayou, in Justice's Precinct No. One, in the City of Houston, Harris County, Texas, and on or about said date, by an instrument in writing, said J. J. Sweeney leased and let said above described building and premises to Cockrell & Bonner, a firm composed of Abbott Cockrell and Thos. H. Bonner, for a term of five (5) years and nine (9) months, beginning on the 15th day of December, 1904, and ending on the 15th day of September, 1910, and in said contract it was expressly stipulated and agreed that said Cockrell & Bonner, and the individual members of said firm, should have the right to sub-let or sub-rent any portion of said premises for lawful business; that, in accordance with said contract, said Cockrell & Bonner, on or about November 9th, 1905, moved into and occupied a part of the building situated on said premises, and since that time have continued to occupy said building; that heretofore on, to-wit, the 20th day of October, 1905, said Cockrell & Bonner, by an instrument in writing, sub-let and sub-leased a part of said premises, to-wit, the store room in the J. J. Sweeney building on Main street, and being the premises known and described as No. 503 Main Street, to J. B. Ruhland, for a period of four (4) years and ten (10) months, beginning November 15, 1905, and ending September 14, 1910, and on or about November 15th, 1905, said J. B. Ruhland moved into and occupied said store room known as No. 503 Main Street in the City of Houston, Harris County, Texas, and continued to occupy the same until, to-wit: 15th day of January, 1906, said J. B. Ruhland died and his surviving widow, Mrs. J. B. Ruhland, and his daughter, Miss Clara S. Ruhland, who were then and there his sole heirs at law,

became vested with all the rights and interest which the said J. B. Ruhland had in and to said above mentioned lease. That thereafter, on to-wit, February 2nd, 1906, said Mrs. J. B. Ruhland and Miss Clara S. Ruhland, for a valuable consideration, transferred and assigned to defendant Herman Walther all of their rights, title and interest in and to said lease of said premises, and said Herman Walther did then and there assume all of the obligations, covenants and stipulations contained in said lease.

"That as a part of said lease to the said J. B. Ruhland it was expressly and impliedly covenanted and agreed that the said J. B. Ruhland should not, without the consent of said Cockrell & Bonner, sub-let said premises or assign the lease of said premises for all or any part of the term covered by said lease, and the said Herman Walther accepted said lease subject to the said covenant and thereby agreed, covenanted, promised and became bound not to sub-let said premises, nor to assign the lease thereof for all or any part of said term of said lease, and that said Walther, on or about said 2nd day of February, 1906, entered into and occupied said above described store room known as No. 503 Main Street, Houston, Texas, from said date until about the 13th day of October, 1906.

"Third: That heretofore on or about the 2nd day of February, 1906, said Herman Walther was indebted to the defendant Houston Packing Company in the sum of, to-wit, Eight Hundred Dollars ($800.00), and that, in order to secure the payment of said sum, Herman Walther made, executed and delivered to said Houston Packing Company a certain instrument in writing in the form of a chattel mortgage, wherein and whereby said Herman Walther undertook to transfer and assign unto said Houston Packing Company all of his interest in said above described lease and leasehold premises.

"That said mortgage was without the consent of said Cockrell & Bonner, and was as to them absolutely null and void, but, as plaintiffs are informed and believe, said indebtedness therein mentioned and described was actually owing to said Houston Packing Company by said Herman Walther.

"That said above described chattel mortgage is in the possession and control of the defendants herein and they are hereby notified to produce the same upon the trial of this cause, or secondary evidence will be used to prove its execution.

"Fourth: That on or about the .... day of February, 1906, said Herman Walther, upon his voluntary petition, was by the United States District Court in and for the Southern District of Texas, at Houston, duly adjudged a bankrupt, and thereafter, on or about the .... day of October, 1906, said Herman Walther filed in said United States District Court his petition for a composition with his creditors, and on to-wit, the 30th day of October, 1906, said motion and petition of said Herman Walther to confirm his offer of composition was granted by said court and said estate of said bankrupt was finally closed in said District Court.

"That in order to procure funds necessary to make said composition with his creditors, said Herman Walther obtained from the defendant Houston Packing Company, and said defendant Houston

Packing Company for and on behalf of said Herman Walther paid and caused to be paid to the officers of said United States District Court the sum of to-wit, Six Hundred and Fifty Dollars ($650.00) for distribution among the creditors of Herman Walther and for the payment of the cost and expenses of said proceeding in bankruptcy, and, in order to procure said advances from said Houston Packing Company, said Walther on to-wit, the 13th day of October, 1906, made and entered into a certain agreement in writing, a substantial copy of which is hereto attached and marked Exhibit 'A' and asked to be taken as a part hereof as fully as if set out at length herein.

"That in said agreement hereinbefore referred to, said Herman Walther agreed that the defendant F. P. Chandler should go into possession of said leased premises and should continue to run the same, using the lease, fixtures and the stock in trade, and that the said F. P. Chandler might run said business until advances should have been paid for in full and the amount due the Houston Packing Company should be fully extinguished and settled in full.

"That it is recited in said instrument that said F. P. Chandler had agreed to advance said Walther the sum of Six Hundred and Fifty Dollars ($650.00) to enable him to effect a composition with his creditors, but in truth and in fact said F. P. Chandler did not agree in person to advance said sum of money, but that the said agreement was made by F. P. Chandler for and on behalf of the defendant Houston Packing Company and that said Houston Packing Company did in fact advance for said purpose said sum of Six Hundred and Fifty Dollars ($650.00) or approximately that amount.

"That while said F. P. Chandler is in said instrument ostensibly a principal party in truth and in fact said F. P. Chandler was acting in said matters and transactions as the agent and for and on behalf of the defendant Houston Packing Company and said instrument was executed by the Said Herman Walther at the instance of and upon the procurement of said Houston Packing Company for the purpose of securing the payment of said indebtedness of Eight Hundred Dollars ($800.00) attempted to be secured by the chattel mortgage upon said lease-hold hereinbefore mentioned and for the purpose of securing the payment of said sum (so advanced by said Houston Packing Company to enable said Walther to effect a composition with his creditors.

"That while in said instrument the said F. P. Chandler is described as the agent of said Herman Walther in truth and in fact the said F. P. Chandler was at all of the times herein mentioned the agent and employee of the said Houston Packing Company, and was acting in all of said transactions for and on behalf of said Houston Packing Company and for the purpose of securing the indebtedness hereinbefore mentioned owing by the said Herman Walther to said Houston Packing Company.

"Fifth—That after the execution of said instrument and after the confirmation of the composition in bankruptcy hereinbefore set out said defendant F. P. Chandler, for and on behalf of said Houston Packing Company and under the authority conferred upon him by said agreement entered into the possession of said store house

known as No. 503 Main Street and assumed charge and control of said business and conducted said business therein and occupied said premises unto, to-wit, the 23rd day of July, 1907.

"That after the execution of said instrument hereto attached and market Exhibit 'A' said Herman Walther ceased to exercise any control over said business and shortly thereafter left the city of Houston and remained away from said city until about the 15th day of December, 1906, and thereafter or on or about the 15th day of January, 1907, said Herman Walther accepted employment from said Houston Packing Company in the capacity of salesman in the City of Galveston, Texas, and continued in said capacity until, to-wit, the 10th day of February, 1907, and that during all of said time said lease and premises were occupied, managed and controlled by the defendant F. P. Chandler at the instance and for the benefit of the said Houston Packing Company.

"That all of said acts and transactions by and between said defendants were done without the knowledge and consent of said Cockrell & Bonner, or either of them, and that said acts and transactions were in fact and in law a sub-letting and assignment of said lease on the part of said Walther and were violation of the covenant expressed and implied contained in said lease and entitled the said Cockrell & Bonner to declare said lease terminated and forfeited and to re-enter and take possession of said premises; that said acts and transactions whereby said premises were sub-let and transferred were not known unto said Cockrell & Bonner, or either of them, until on or about the 10th day of December, 1906, and on or about said date said Cockrell & Bonner having for the first time ascertained that the said Herman Walther had transferred and assigned said lease and sub-let said premises, elected to forfeit and terminate said lease by reason of said facts and thereupon made a demand in writing upon the said F. P. Chandler and upon one A. B. Weinberg, who was then and there employed by said Chandler in running said business, for the possession of said premises, but the said F. P. Chandler, though requested in writing as aforesaid to surrender possession of said premises, failed and refused to surrender possession thereof, and thereafter on or to-wit, the 4th day of January, 1907, said firm of Cockrell & Bonner and the individual members thereof filed in the Justice's Court Precinct No. One, of Harris County, Texas, their certain complaint and instituted an action of forcible entry and detainer against the said F. P. Chandler and A. B. Weinberg to recover possession of said premises. In said cause said defendant A. B. Weinberg disclaimed any interest in said premises and thereupon said suit was dismissed as to said A. B. Weinberg.

"That said F. P. Chandler filed his answer in said cause and resisted the right of said Cockrell & Bonner to recover possession of said premises and thereafter on or about the 2nd day of February, A.D. 1907, said Cockrell & Bonner having been advised that the said Walther was claiming some character of interest in said premises and was seeking to hold possession thereof, made demand in writing upon said Herman Walther for the possession of said premises and

thereafter caused the said Herman Walther to be made a party to said action of forcible entry and detainer and thereafter the said Herman Walther appeared in said cause and contested the action of said Cockrell & Bonner in said Justice's Court and in combination, conspiracy and collusion with the said F. P. Chandler and Houston Packing Company assisted the said F. P. Chandler and said Houston Packing Company in withholding the possession of said premises and the said F. P. Chandler severally and at the instigation and upon the advice and by the procurement of and for the benefit of said Houston Packing Company, together with said Herman Walther, contested said forcible entry and detainer proceedings in said Justice's Court and in the County Court of Harris County, Texas, to which said cause was appealed, and said Herman Walther and F. P. Chandler filed in said cause divers answers, pleas and motions resisting and contesting the right of said Cockrell & Bonner to obtain possession of said premises, and thereby said Herman Walther and F. P. Chandler and said Houston Packing Company withheld possession of said premises from said Cockrell & Bonner and continued to occupy and use said premises until the 23rd day of July, A. D. 1907.

"That on or about the — day of June, 1907, said Cockrell & Bonner having obtained a final judgment against said F. P. Chandler and said Herman Walther in said forcible entry and detainer proceedings in the County Court of Harris County, Texas, awarding to the said Cockrell & Bonner the possession of said premises and directing the issuance of a writ of restitution therefor, said defendants, Herman Walther and F. P. Chandler, advised and assisted and instigated thereto by the defendant Houston Packing Company and for the purpose of still further withholding possession of said premises from said Cockrell & Bonner, prepared their certain petition for an injunction restraining the execution of the writ of restitution in said forcible entry and detainer proceeding and presented said petition to the Honorable N. G. Kittrell, Judge of the 61st Judicial District of Harris County, Texas, and caused the said judge to make his certain fiat, the same being in substance and effect a temporary restraining order restraining the execution of said writ of restitution until the hearing of said petiton, and thereafter in said District Court in the 61st Judicial District of Texas said Walther and said Chandler aided, assisted and instigated thereto by the Houston Packing Company prosecuted said suit for an injunction until to-wit, the 19th day of July, 1907, when said petition for an injunction was finally refused by said District Court, and thereafter said defendants continued to withhold possession of said premises until said 23rd day of July, 1907, at which time possession of said premises was taken by the sheriff of Harris County, Texas, under a writ of restitution issued out of said County Court of Harris County, Texas, and possession of said premises was delivered to plaintiff, Abbott Cockrell, the successor as hereinafter alleged of said firm of Cockrell & Bonner.

"Sixth:  That in said forcible entry and detainer proceeding the issue was joined as to the right of said Cockrell & Bonner to

retain possession of said premises as against the said defendants, Walther and Chandler, and as to whether or not said lease of said Herman Walther had been forfeited and terminated, and in said cause it was finally adjudged and determined that said lease had been forfeited and terminated as against the said Walther and that the plaintiffs, Cockrell & Bonner were entitled to the possession of said premises as against said defendants.

"Seventh: That in truth and in fact said lease of said Herman Walther was terminated and forfeited by reason of the facts hereinbefore alleged and neither said Walther, nor said Chandler, nor said Houston Packing Company, nor any or either of said defendants were entitled to possession of said premises from and after the 15th day of December, A. D. 1906, but that notwithstanding said facts said defendants, Walther and Chandler and Houston Packing Company from and after the said 15th day of December, A. D. 1908, withheld the possession of said premises from said Cockrell & Bonner and continued to use, occupy and enjoy said premises and that the reasonable rental value of said premises so held, occupied and used by said defendants was the sum of Two Hundred and Sixty Dollars ($260.00) per month, and that said defendants so used and occupied said premises and so withheld possession of the same for a period of seven months and eight days and that the aggregate reasonable rental value of said premises for said time was the sum of $1,885.60.

"That during said time from the 15th day of December, 1906, until the 23rd day of July, 1907, neither of said defendants nor any of them have paid or caused to be paid any rent whatever for said premises, and though often requested yet to pay the said sum of $1,885.60 or any part thereof said defendants and each of them have wholly failed and refused.

"Eighth: That the acts of said defendants, Walther and Chandler and Houston Packing Company, in withholding possession of said premises were for the benefit of the said Houston Packing Company and for the purpose of enabling said Houston Packing Company to obtain the payment of said indebtedness owing to it by the said Herman Walther, that during the period above mentioned all of the proceeds of said business were paid to said Houston Packing Company and said business was operated for its benefit, and that Houston Packing Company received all of the proceedings therefrom and retained all of the proceeds thereof except such sums as were paid out on account of expenses in operating said business, and that the said defendants, Chandler and Walther, in all of the acts and transactions hereinbefore alleged, were acting by and for the benefit of said Houston Packing Company, and that each and all of said defendants conspired, colluded and acted together for their joint and several benefit in withholding said premises and using the same during the period hereinbefore mentioned, and that thereby said defendants and each of them became jointly and severally bound to pay to said Cockrell & Bonner and to their assigns the reasonable rental value as hereinbefore alleged for the use of said premises during said period, yet to pay the same or any part

thereof said defendants and each of them have wholly failed and refused.

"Ninth: That heretofore to-wit, on or about the first day of October, 1906, the said Cockrell & Bonner then believing that on account of the bankruptcy of said Walther the said lease was or would shortly be terminated, the plaintiff F. E. Pye agreed to rent said premises from said firm of Cockrell & Bonner as soon as said Cockrell & Bonner should have obtained possession thereof, and said F. E. Pye further agreed to indemnify the said Cockrell & Bonner against such loss and damage as the said Cockrell & Bonner should sustain by reason of the taking possession of said premises and thereafter from the 15th day of December, 1906, and during the time that said Cockrell & Bonner failed to collect any rent upon the said premises the said F. E. Pye in order to indemnify the said Cockrell & Bonner on account of the loss of the use of said money from time to time at divers times advanced to the said Cockrell & Bonner the sum of $1,885.60, and in consideration of said agreement and of the advancement of said money as aforesaid said Cockrell & Bonner agreed that such sum as should be collected from said defendants Houston Packing Company, F. P. Chandler and Herman Walther, or either of them, or so much thereof as should be necessary should be paid to said F. E. Pye to satisfy said advances so made by said F. E. Pye to said Cockrell & Bonner, and thereafter on to-wit, the — —day of July, 1907, the said Thos. H. Bonner sold and assigned to the said Abbott & Cockrell all of his right, title and interest in and to all of the claims, demand, choses in action and all other property of said Cockrell & Bonner, including the claims, demands and rights of action against the defendant herein on account of the matters and things herein alleged, and the said Abbott Cockrell thereby became and is in all things the successor of said firm of Cockrell & Bonner, and thereafter said Abbott Cockrell as the successor of the said firm of Cockrell & Bonner in all things confirmed said agreement theretofore made by and between said firm of Cockrell & Bonner and said F. E. Pye, and further agreed that the said F. E. Pye might institute and prosecute in his own name or in the name of said Cockrell & Bonner, or said Abbott Cockrell, any and all suits which might be necessary to recover of the defendant herein on account of the matters and things hereinbefore alleged. That by reason of the premises plaintiffs jointly and severally are entitled to recover of and from the defendants jointly and severally the said sum of $1,885.60, with legal interest thereon from the 23rd day of July, A. D. 1907, yet to pay the same or any part thereof, though often requested, said defendants and each of them have wholly failed and refused, to plaintiffs' damage in the sum of $2,000.00.

"Plaintiff further alleges that from and after the 15th day of December, 1906, the said Cockrell & Bonner were entitled to the possession of said above described premises, and that neither the Houston Packing Company nor either or any of said defendants were entitled to the possession or use thereof, but that nevertheless, whether entitled thereto or not, the said Houston Packing Company

by and through its agent F. P. Chandler, and afterwards by and through its agents F. P. Chandler and H. P. Walther, and each of them, the said Houston Packing Company withheld the possession of said premises from said Cockrell & Bonner and used and occupied said premises, which were of the reasonable rental value of $260.00 per month from said 15th day of December, 1906, until the 23rd day of July, 1907, and that said defendant Houston Packing Company thereby impliedly promised and became bound and liable to pay to said Cockrell & Bonner the reasonable rental value of said premises for said period of time, to-wit, the sum of $1,885.60, with interest thereon from the said 23rd day of July, 1907, at the rate of 6% per annum, and that by reason of the assignments of said cause of action hereinbefore alleged plaintff F. E. Pye is entitled to recover said sum of money with interest, yet to pay the same or any part thereof, though often requested, defendant Houston Packing Company has wholly failed and refused, to plaintiff's damage in the sum of $2,500.00.

"And if mistaken in the allegation that the Houston Packing Company was bound by its implied promise as aforesaid to pay the reasonable rental value of said premises, the plaintiff alleges that the said Houston Packing Company by and through its agents as hereinbefore alleged, wrongfully withheld from said Cockrell and Bonner and from plaintiff the possession of said premises to which said Cockrell & Bonner were entitled as aforesaid, from the 15th day of December, 1906, continually until the 23rd day of July, 1907, and that said Cockrell & Bonner and plaintiffs were thereby wrongfully and tortuously deprived of the use of said premises for said length of time, and were thereby damaged to the extent of the reasonable value of said use and occupation of said premises which is alleged to be the sum of $1,885.60, with interest thereon from July 23rd, 1907, at 6% per annum, and that by reason of the premises plaintiffs are entitled to recover said sum from said Houston Packing Company, which though often requested the said defendant Houston Packing Company has wholly failed and refused to pay.

"Premises considered, plaintiffs pray that upon hearing they have judgment against defendants jointly and severally for their damages, interest and costs of suit, and for such other relief as they may be entitled to, either at law or in equity, and as in duty bound your petitioner will ever pray."

"State of Texas,
County of Harris.

"This Agreement this the 13th day of October, 1906, entered into by and between Herman Walther, party of the first part and F. P. Chandler, party of the second part, both of the State of Texas, County of Harris, Witnesseth:

"That whereas Herman Walther, party of the first part, has been duly adjudicated a bankrupt in the United States District Court for the Southern District of Texas, at Houston, Texas, and

"Whereas he is desirous of effecting a composition with his cred-

itors and continuing the business heretofore conducted by him at No. 503 Main Street, Houston, Texas, and

"Whereas, the said F. P. Chandler, party of the second part, has agreed to advance to the party of the first part sufficient money to enable him to effect a composition with his creditors, to-wit, the sum of $650.00 (Six Hundred and Fifty Dollars) and

"Whereas, none of the creditors of the party of. the first part have any security for their indebtedness, except the Houston Packing Company, which said company had a chattel mortgage upon the lease of the said first party, together with all the fixtures of every kind and class situated in his place of business at No. 503 Main Street, and

"Whereas, it is proposed in the composition to be effected that the said Walther shall only be required to arrange with the unsecured creditors, and that the Houston Packing Company will accept the security which they now have and permit the said Herman Walther to pay the same in such installments as may be convenient to him hereafter, the terms of the payment to be governed by this contract;

"Now, therefore, Know all men by these presents that it is agreed by and between the parties hereto as follows: That the said Herman Walther, in consideration of the advances made by the said Chandler, agrees that the said Chandler may go into possession of said leased premises at 503 Main Street and shall continue to run the same using the lease and fixtures and what stock in trade may be on hand and to run said business until the said advances made by the said Chandler are paid off in full, and the amount due the Houston Packing Company is fully extinguished and settled in full.

"It is especially understood and agreed, however, that this instrument shall not operate as a transfer or assignment either of the lease or the fixtures of the business of the said Herman Walther, nor shall the said F. P. Chandler acquire any vested interest either in the business, the fixtures or the lease of the said premises, it being clearly and distinctly understood that the said F. P. Chandler shall simply operate said business in the name of Herman Walther as his agent under the terms of this instrument until the advances made by him and the claim of the Houston Packing Company are paid in full, and that as soon as this is done, that the possession of said premises shall be returned, together with the fixtures and the lease now held on said building, to the said Herman Walther, the said Herman Walther having the right during that period that the said Chandler is in possession, to draw from the said business not more than six and 50/100 ($6.50) per month.

"It is further agreed that the said Chandler, in consideration of his services in running said business, shall be permitted to draw from said business a reasonable compensation for his services for so doing, and the said Chandler shall have full power and authority to buy such supplies, goods, wares and merchandise as may be necessary to continue the same, it being the purpose of said Herman Walther to vest in the said F. P. Walther full power to do what may be necessary to carry on and continue to run said business.

"And the said Chandler, on his part, in consideration of the com-

pensation to be paid him for his services in running said business, and the return to him out of the proceeds and profits of said business of the amount advanced by him to the said Herman Walther agrees to run said business as economically as possible and to return said business to said Herman Walther as soon as said advances, and the claim of the Houston Packing Company are paid in full free from any charge or lien of any kind or character.

"Witness our hands on this the 13th day of October, A. D. 1906.
                              "Herman Walther.
                              "F. P. Chandler."

The only question presented by the record is whether or not the pleading to which the general demurrer is directed shows a cause of action in plaintiffs. It is perfectly clear to our minds that the petition above set forth shows a cause of action in plaintiffs and against the defendant, Houston Packing Company. It will not be necessary to go into any technical analysis of the allegations of the pleadings, but it will be sufficient to state a few of the things alleged and apply them to such principles of law as may be applicable and well determined.

It appears from the petition that the plaintiffs stand in the place of the original lessors and that Walther was at one time in possession of the leased property as the tenant of plaintiffs, without authority to sub-let the property, or assign the lease of the property without the consent of the plaintiffs. It also appears from the pleadings that Walther a tenant of plaintiffs gave the defendant, Houston Packing Company a chattel mortgage on the leased contract to secure the sum of $800.00 advanced him before he became a bankrupt and after he had gone into bankruptcy advanced him the further sum of $650.00 so that he might effect a composition with his creditors. With this mortgage lien the possession of the leased property together with the lease itself, the fixtures and other things pertaining to the business in which Walther was engaged, was given to Chandler the agent of the Houston Packing Company, and therefore to such company, to hold for a period of time, or until by using the leased premises, the lease, the fixtures, etc., he could pay off and fully discharge the indebtedness due the defendant. This is the clear purport and legal effect of the contract between Walther and Chandler. It is immaterial what language the contract employs to disclaim the intent and purpose of the contracting parties to assign or transfer the lease or to stay the acquisition of any vested interest in Chandler in the lease of the premises, provided the practical effect of the contract on the whole was to give a lien on the lease and possession of the lease and leased premises to the mortgagee for the purpose of extinguishing the mortgagor's indebtedness and to be held for such period of time as might be required to so extinguish such indebtedness. If this was the reasonable and legal import of the contract, and there can be no reasonable doubt but that it was, then the law fixes the legal status in which Walther and the Houston Packing Company stood toward plaintiffs. In such event the disclaimer of the contract and the declaration of what its import should not be,

will be treated as a subterfuge and a fraud upon the rights of the landlord.

The language of the agreement is "that the said Herman Walther in consideration of the advances made by the said Chandler, agrees that the said Chandler may go into possession of said leased premises at 503 Main Street, and shall continue to run the same, using the lease and fixtures, and what stock in trade may be on hand and to run said business until the said advances made by the said Chandler are paid off in full, and the amount due the Houston Packing Company is fully extinguished and settled in full." By the plain terms of the contract the possession of the lease, the leased premises, the fixtures and the business were turned over to Chandler, with full authority to occupy the leased building, to buy upon his own credit such supplies, goods, ware and merchandise as might be necessary to continue the business. So that we think the petition showed clearly that without the consent of plaintiffs their tenant mortgaged the lease contract to secure a debt and gave the mortgagee possession of the leased premises. The legal effect of this transaction was to make the mortgagee in possession the assignee of the lease.

The mortgagee of a lease who takes possession of the leased premises is in the attitude of an assignee of such lease and is therefore liable to the landlord for the rent. It seems to be a well settled rule applicable to our law that the mortgagee of a lease not in possession of the leased property, cannot be considered as an assignee, but if he takes possession of the leased premises he becomes in law the assignee of the lease and is liable for the rents to the landlord. 24 Cyc., 1177, (V); Taylor on Landlord and Tenant, 7th ed., sec. 455; Jones on Mortgages, vol. 1, sec. 785; Walton v. Cronly, 14 Wend. (N. Y.) 63; Astor v. Miller, 2 Paige (N. Y.) 68; Astor v. Hoyt, 5 Wend. (N. Y.) 603; Childs v. Clark, 3 Barb. Ch., 52, 49 Am. Dec., 164.

Applying the rule above laid down, when the defendant took a mortgage on the lease contract from Walther, the tenant, and took possession of the lease and the leased property, it became liable to plaintiffs to pay the rent for the period it occupied such premises. Thus it follows that a good cause of action is alleged by plaintiffs and it was error to have sustained the general demurrer to such pleading.

It would be no answer to the plaintiffs' cause of action to say that the mortgage of the lease was void or voidable as it affected the rights of plaintiffs, since Walther was denied the right to sub-let or assign the lease contract without the consent of plaintiffs, for the reason the defendant having taken the mortgage of the lease and possession of the leased premises would be liable to plaintiffs for the reasonable rent for the period it occupied such premises and would be estopped to effectually plead the nullity or voidableness of the mortgage. It is immaterial if under the facts pleaded the defendant was a trespasser in possession of the leased premises, for that reason it would be none the less liable to pay the reasonable rental value of the property so illegally withheld from plaintiffs.

Under the facts alleged, which must be assumed to be true for the purpose of disposing of the general demurrer, we are unable to conceive of any phase of this case, turn and shift it as may be done, under which plaintiffs could be denied the right of recovery.

We do not think the contract between Walther and Chandler was in effect "a contract of agency, whereby Chandler is empowered as Walther's agent to run Walther's business for the accomplishment of a specific purpose." Nor do we agree to the proposition that Chandler's possession was Walther's possession. The preamble of the contract sets out the fact that Walther had previously given the Houston Packing Company a chattel mortgage on the lease for $800.00 and for the purpose of paying that amount and the further amount of $650.00, possession is given of the lease and the premises and the fixtures of the business, the character of which nowhere appears in the record, with full power and authority in Chandler to retain possession of the lease and premises and fixtures until out of the business the specified amounts mught be paid, when possession was to be returned to Walther. This is the language of the contract. If the possession of Chandler was the possession of Walther, why provide for a return to Walther of such possession? The contract was clearly a mortgage of the lease with possession of the leased premises, which was in contemplation of law an assignment of the lease.

The legal effect which we give to the contract is not altered by the specious provision that it is "clearly and distinctly understood that the said E. P. Chandler shall simply operate such business in the name of Herman Walther as his agent," for the contract proceeds to say that such agency shall be "under the terms of this instrument until the advances made by him and the claim of the Houston Packing Company are paid in full." The idea that the effect of the contract was to make Chandler Walther's agent in the operation of his business is entirely repudiated by the fact that the only interest retained in the lease, the leased premises and the fixtures is the right to draw from said business the sum of $6.50 per month.

To our minds no force or significance is gathered from that provision in the contract which provides "that the said Chandler, in consideration of his services in running said business, shall be permitted to draw from said business a reasonable compensation for his services for so doing." It will be observed that there is nothing in the contract that places upon Walther any obligation to pay Chandler for his services or to replenish the stock in trade whatever that may have been, or to pay rent or taxes or to do anything save receive $6.50 per month. It is apparent the contract was a security to defendant with possession of the lease and leased premises as the subject of the security.

Entertaining the view we do of the transaction set forth in plaintiffs' petition and in the light of those facts construing the contract as we do, there remains nothing to be done but to reverse the judgment of the Court of Civil Appeals and of the trial court

and remand the cause to the District Court of Harris County for further proceeding, which is accordingly done.

*Reversed and remanded.*