AMCO TRUST, Inc., Appellant,

v.

P. C. NAYLOR, Appellee.

No. 13283.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 19, 1958.

Rehearing Denied March 19, 1958.

258

Matthews, Nowlin, Macfarlane & Barrett, Louis T. Tarver, Jr., San Antonio, for appellant.

James C. Brady, San Antonio, for appellee.

BARROW, Justice.

P. C. Naylor brought this suit against South Texas Kitchens, Inc., a Texas corporation, C. P. Ernster, and Amco Trust, Inc., also a Texas corporation, to recover unpaid rent due and to become due under a lease agreement entered into between P. C. Naylor as lessor, and south Texas

Kitchens, Inc., and C. P. Ernster as lessees, and for damages to the leased building. P. C. Naylor alleged that Amco Trust, Inc., although not a party to the lease, was jointly liable along with the other defendants, because of a contract entered into between South Texas Kitchens, Inc., joined by its stockholders individually, and Amco Trust, Inc. P. C. Naylor alleged this contract to be an assignment of the lease from South Texas Kitchens, Inc., to Amco Trust, Inc.

Upon the trial of the case the court, sitting without a jury, entered judgment that plaintiff, P. C. Naylor, recover from defendants, Amco Trust, Inc., South Texas Kitchens, Inc., and C. P. Ernster, jointly and severally, $2,825 as rent and $1,374.97 as damages. From this judgment Amco Trust, Inc., alone has appealed.

P. C. Naylor, appellee, and South Texas Kitchens, Inc., and C. P. Ernster, its president, entered into a lease contract on September 23, 1953. The contract provided that appellee would lease his building at 234 Olmos Drive, West, in San Antonio, Texas, to South Texas Kitchens, Inc., and C. P. Ernster, for a term beginning December 15, 1953, and ending December 15, 1958, for a monthly rental of $225, payable in advance on the 15th day of each month. South Texas Kitchens, Inc., went into possession of the premises and there engaged in the business of selling and installing kitchen units on a contract basis.

In the spring of 1956, South Texas Kitchens, Inc., being indebted to Amco Trust, Inc., appellant herein, for a substantial sum of money, entered into a contract with appellant to obtain additional financing and give additional security. The contract was dated and became effective on March 1, 1956. By the terms thereof South Texas Kitchens, Inc., and its stockholders, completely turned over the business of that corporation to Amco Trust, Inc., and gave it authority to disburse moneys of South Texas Kitchens, Inc., to discharge its obligations, as far as possible, and to conduct the business of South Texas Kitchens, Inc., without any interference by it. The contract further provided that Amco Trust, Inc., was to hold an assignment of all the assets, properties, contracts and equipment of South Texas Kitchens, Inc., as well as the stock of its officers, as additional security for the discharge of its indebtedness to Amco Trust, Inc. The contract further provided that the agreement shall terminate upon final discharge and payment of the indebtedness of South Texas Kitchens, Inc., to Amco Trust, Inc.

■ The first question to be determined in this case is whether or not the appellant, Amco Trust, Inc., is liable to appellee, P. C. Naylor, for the rent for the unexpired term of the rental contract between Naylor and South Texas Kitchens, Inc. In order to hold appellant liable, it must be shown either that appellant assumed the performance of said contract or that there was an assignment of the rent contract to appellant.

In the written instrument by which South Texas Kitchens, Inc., and its officers, turned over the management of the business to Amco Trust, Inc., it is expressly provided that Amco Trust, Inc., does not assume any of the debts or obligations of South Texas Kitchens, Inc., or its said officers. The remaining question is: Did Amco Trust, Inc., by virtue of this contract become an assignee of the lease? We think it did.

The evidence shows that South Texas Kitchens, Inc., being indebted to Amco Trust, Inc., in a substantial amount, made an assignment of all its assets and properties, including its lease from Naylor, with full right on the part of Amco Trust, Inc., to take charge of and operate the business of South Texas Kitchens, Inc. Amco Trust, Inc., did in fact take over the business. It installed its own management, occupied the premises and conducted the business without interference from South Texas Kitchens, Inc., or its officers, as it had the right to do under the contract. However, the

contract expressly provided that it should terminate just as soon as all debts due Amco Trust, Inc., by South Texas Kitchens, Inc., were paid.

The case of Cockrell v. Houston Packing Co., 105 Tex. 283, 147 S.W. 1145, 1151, is squarely in point. Undoubtedly the contract gave Amco Trust, Inc., a mortgage on the property of South Texas Kitchens, Inc., including the lease in question. In the Cockrell case, the Supreme Court, speaking through Justice Dibrell, said:

"The mortgagee of a lease, who takes possession of the leased premises, is in the attitude of an assignee of such lease, and is therefore liable to the landlord for the rent. It seems to be a well-settled rule, applicable to our law, that the mortgagee of a lease, not in possession of the leased property, cannot be considered as an assignee; but if he takes possession of the leased premises he becomes, in law, the assignee of the lease, and is liable for the rents to the landlord. 24 Cyc. 1177 (V); Taylor on Landlord & Tenant (7th Ed.) § 455; Jones on Mortgages, Vol. 1, § 785; Walton v. Cronly's Adm'x, 14 Wend., N.Y., 63; Astor v. Miller, 2 Paige, N.Y., 68; Astor v. Hoyt, 5 Wend., N.Y., 603; Childs v. Clark & Couch, 3 Barb. Ch. 52, 49 Am. Dec. 164."

The rule announced in the Cockrell case has been followed in Texas. Alexander v. Alexander, Tex.Civ.App., 99 S.W. 2d 1062; Keton v. Silbert, Tex.Civ.App., 250 S.W. 316. The law is settled in Texas that an assignee of a lease is liable for the rent to become due thereafter, for the full term stipulated in the lease, although he does not expressly assume the obligations of the original lease. Stark v. American National Bank of Beaumont, Tex.Civ.App., 100 S.W.2d 208; Marathon Oil Co. v. Rone, Tex.Civ.App., 83 S.W.2d 1028; Waggoner v. Edwards, Tex.Civ. App., 68 S.W.2d 655; Speed v. Jay, Tex. Civ.App., 267 S.W. 1033. It follows that Amco Trust, Inc., being an assignee of the lease from Naylor to South Texas Kitchens, Inc., is liable for the rent for the full term of the lease.

Appellant, by appropriate point, contends that appellee is not entitled to recover rent which accrues under the lease contract subsequent to the filing of plaintiff's petition, and in the alternative subsequent to the day of trial. We agree with this contention. It appears from the record in this cause, that when appellant abandoned the leased premises appellee elected to continue the lease in force, to rent the property for appellant, and sue for the difference between the stipulated rent and the amount obtained from the new tenant, and did not elect to terminate the lease and sue for damages for the breach. There is nothing in the lease which would entitle the landlord to accelerate rent payments upon default.

When by the terms of the contract the rental is payable in monthly installments, upon default in the payment of the rent and abandonment of the premises by the tenant, the landlord may either stand on the contract and sue for each month's rent as it falls due, or he may sue once for all damages for breach of the contract. Davidson v. Hirsh, 45 Tex.Civ.App. 631, 101 S. W. 269; 27 Tex.Jur. 92–93.

The record shows that the original lease was from December 15, 1953, to December 15, 1958, at the rental of $225 per month; that appellant took over the business on March 1, 1956, and paid the rent to August 1, 1956; that about the month of September, 1956, appellant moved out and abandoned the premises; that appellee was unable to rent the premises until January, 1957, when they were rented for the sum of $150 per month, the best rent obtainable by appellee. Appellee's petition was filed February 13, 1957, and the case was tried July 3, 1957. The court erred in rendering judgment in favor of appellee for the rent for the entire period. Judgment should have been rendered for the period up to the

date of trial of the case, which would be five months at $225 per month, amounting to $1125, and six months at $75 per month, amounting to $450, or a total of $1575.

Appellant next contends that for several reasons the court erred in rendering judgment against it for the sum of $750 damages and $624.97, cost of repairing the building. Appellant contends that the evidence shows that there was no damage to the building, other than reasonable wear and tear; that there was no evidence of damage in excess of $624.97; that the court erred in permitting appellee, Naylor, to testify as to the reasonable market value of the premises immediately before and after appellant vacated the premises; and further erred because, as a matter of law, appellee is not entitled to recover the total value of the damage to the building, which appellee alleged to be $750, and at the same time recover the cost of repairing the building, amounting to the sum of $624.97.

We do not deem it necessary to lengthen this opinion with an extended discussion of the evidence. Appellee, Naylor, testified to his experience for a number of years, which, in the opinion of the trial court, qualified him to testify as an expert witness, and we do not think the trial court abused his discretion. In its judgment the trial court found that the building was damaged in the sum of $750, and the finding is supported by the evidence. However, we think the court erred in rendering judgment for the total amount of the damages alleged in the petition, and in addition thereto the cost of making repairs of that same damage. This would amount to a double recovery. The judgment should have been only for the amount of damages found.

The judgment of the trial court will be reformed so as to award judgment in favor of appellee, C. P. Naylor, and against appellant, Amco Trust, Inc., for the sum of $1,575 rent due, and for damages to the building in the further sum of $750.

The judgment is reformed and affirmed.