JNO. P. DAVIDSON V. S. HIRSCH.

Decided March 27, 1907.

1.—Suit for Rent—Res Adjudicata.

Where by the terms of a rental contract concerning a storehouse the rent
was payable monthly, and upon default in the payment of the rent for the
first month the landlord sued the tenant and recovered judgment for the rent
of that month, such judgment was not a bar to a suit for subsequent monthly
instalments of rent, for the reason that the landlord's suit was one based on
the contract, and not for damages for breach of the contract.

2.—Rent—Monthly Instalments—Remedies.

Where by the terms of a rental contract the rent is payable in monthly
instalments, upon default in the payment of the rent and abandonment of the
premises by the tenant the landlord may either stand on the contract and sue
for each month's rent as it falls due, or he may sue once for all for damages
for breach of the contract.

Appeal from the County Court of Nacogdoches County. Tried below
before Hon. Robert Berger.

*Ingraham, Middlebrook & Hodges,* for appellants.—The court erred in holding that this suit was a suit for damages, and that the first suit was also a suit for damages, that the plaintiff was concluded by the first suit, and could not bring the second suit and therefore instructed a verdict for the defendant in this case. Mohrhardt v. St. Paul & T. N. Ry. Co., 2 W. & W., secs. 322-3; Texas & P. Ry. Co. v. Nelson, 9 Texas Civ. App., 156; Ferguson v. Culton, 8 Texas, 283; Watson v. Texas & Pac. Ry. Co., 27 S. W. Rep., 924; Hearne v. Garrett, 49 Texas, 619; Porter v. Burkett, 65 Texas, 383; DeCordova v. City of Galveston, 4 Texas, 470; Pishaway v. Runnels, 71 Texas, 353; Massie v. State Bank, 32 S. W. Rep., 797; International & G. N. Ry. Co. v. Pape, 73 Texas, 501.

*Blount & Garrison,* for appellees.—A judgment finally recovered in a suit for damages for the breach of a written contract is res adjudicata of the entire cause of action and is a bar to any other action for damages brought upon said contract for a breach thereof. Pitts v. Reynold's Administrator, 1 Texas, 604; Litchenstein v. Brooks, 75 Texas, 196; Bendernagle v. Cocks, 32 Am. Dec., 448; St. Louis & S. W. R. R. Co. v. Nose, 28 S. W. Rep., 1038; Galveston, H. & S. A. Ry. Co. v. Dowe, 70 Texas, 11.

REESE, Associate Justice.—Jno. P. Davidson entered into a written contract with the Lipstate Dry Goods Company whereby Davidson rented to the Lipstate Company a store building in Nacogdoches for two and one-half months, beginning May 19, 1905, and ending August 3, 1905, for $75 a month rent, payable monthly. It was stipulated in the contract that Lipstate was to give Davidson 30 days notice in writing prior to the 3d day of August if he did not intend to keep the storehouse for a longer time than the two and a half months, and that in the event of his failure to do so, he was to keep it for a whole year commencing August 3, 1905, and ending August 3, 1906, and so on from year to year "without giving such written notice."

After August 3, 1905, and before September 10, 1905, Lipstate gave Davidson written notice that he would not keep the storehouse longer, and refused to pay rent after August 3. Thereupon on September 10, 1905, Davidson brought suit against Lipstate for $75, being the rent due under the contract from August 3 to September 3 and recovered judgment, which was paid.

After the next month's rent, under the contract, became due, Davidson brought this suit to recover the same. Before the suit was tried the rent for the third month became due and he amended his pleadings so as to include rent due for that month also, the suit then being for two months' rent, beginning September 3, 1905, and ending November 3, 1905. In the Justice Court defendant had judgment and plaintiff appealed to the County Court. Upon the hearing of the cause in the County Court defendant also had judgment, the court holding that, upon defendant's plea of *res adjudicata,* plaintiff was not entitled to recover. The court treated both suits as suits for damages for breach, by the Lipstate Company, of its contract and held that by the first suit the plaintiff had exhausted his remedy for damages for such breach. From this judgment the plaintiff prosecutes this appeal. The only question

presented by the appeal is the correctness of the judgment upon the facts stated.

The trial court was in error in holding that the suit was one for damages for breach of the contract, and in sustaining the plea of *res adjudicata.* Upon the failure of appellee to give the 30 days' notice, as provided in the contract, the contract became one for a year from August 3, 1905, with the rent payable monthly, as stipulated in the contract for the two and one-half months, at $75 per month.

This much was, in fact, adjudicated in the suit for the first month's rent. Appellant had the right to sue for and collect each month's rent as it fell due, as stipulated in the contract. Such suit was upon the contract and not for damages for a breach of it. Upon appellee's abandonment of the premises appellant might have taken possession and sued him for damages for the breach, but he was not required to do so. He had a right to stand upon the contract and sue for the rent, as it fell due, in which case the measure of his recovery would not be lessened by the amount for which he might have rented the premises. The precise question was decided by this court in Minnie Racke v. Anheuser-Busch Brewing Assn. (17 Texas Civ. App., 167, 42 S. W. Rep., 774, 18 Am. and Eng. Ency. of Law, 303).

For the error indicated the judgment of the court below is reversed and judgment here rendered for appellant for the amount sued for.

*Reversed and rendered.*