### C. C. WILLIAMS v. HOUSTON CORNICE WORKS.

Decided April 9, 1907.

1.—Rental Contract—Monthly Payments.

Under a rental contract for a term of one year, by which the rent was payable monthly, each month's rent was a separate and distinct demand or cause of action and might have been sued for as it accrued.

2.—Appeal from Justice Court—Amendment—New Cause of Action—Jurisdiction.

A suit was filed in the Justice Court for two month's rent of a house at $50 per month; pending appeal to the County Court the plaintiff by amendment sued for the rent of eight months more. Held, the demand for the rent set up for the first time in the County Court was a new cause of action and should not have been allowed. A party can not on appeal from the Justice to the County Court increase his demand to an amount beyond the jurisdiction of the Justice Court.

3.—Rent Contract—Holding Over—Promise to Repair.

Where a tenant is induced to continue in possession of rented premises after the expiration of the term by the promise of the landlord to make certain repairs, and the landlord fails to make the promised repairs, the occupancy of the tenant for two months, while waiting for the repairs to be made, would not be such a holding over as would render him liable for the rent of a whole year.

Error from the County Court of Harris County. Tried below before Hon. Blake Dupree.

*Coleman & Abbott,* for plaintiff in error.

*W. G. Love* and *R. J. Channell,* for defendant in error.—On appeal to the County Court from the Justice Court a complaint may be amended by allegations to support evidence of damages additional to those claimed in the court below, where no new cause of action is stated. Revised Statutes, art. 358; North Side Street Railway v. Want, 15 S. W. Rep., 40; Cullers & Henry v. Wilson, 2 Texas App. Civ., 721,

sec. 818; Hodges v. Peacock, 2 Texas App. Civ., 727, secs. 284, 285; Fergus v. Dodson, 33 S. W. Rep., 273; Lackey v. Campbell, 62 S. W. Rep., 78.

The County Court had jurisdiction to try the case de novo, and could give complete relief, limited, as to the amount solely by its own jurisdictional restrictions, and was not confined to an amount within the jurisdiction of the Justice Court. Veal v. Fortson, 57 Texas, 482, 488; City of Dallas v. McAllister, 30 S. W. Rep., 452; Young v. Gray, 65 Texas, 99, 101; Hawes v. Foote, 64 Texas, 22, 35.

When a tenant holds over after the expiration of his term, the law implies a renewal of the lease contract. City of San Antonio v. French, 80 Texas, 575; Bateman v. Maddox, 86 Texas, 546, 554.

The length of time which a tenant holds over is immaterial as regards his liability for a second year. 18 Am. & Eng. Enc. of Law, 406.

The failure of the landlord to make repairs does not terminate the lease or work a forfeiture of the rent, but merely confers upon the tenant a right of action for damages, or of recoupment in suit for rent. Peticolas v. Thomas, 29 S. W. Rep., 166; 18 Am. & Eng. Enc. of Law, pp. 230, 232, 233.

REESE, ASSOCIATE JUSTICE.—This is a suit by Necco & Eisemann against C. C. Williams, begun in the Justice Court, to recover $50, one month's rent from July 20 to August 20, 1904, for a certain building. By amendment in the Justice Court another month's rent was added, the cause of action as amended being for rent for two months from July 20 to September 20. From a judgment in the Justice Court appeal was taken to the County Court. In the County Court plaintiffs, in addition to the amount sued for in the Justice Court, claimed by amendment of their pleadings, the rent due from September 20, 1904, to May, 1905, amounting to $400. Upon trial before a jury there was verdict for plaintiffs for $475 upon a peremptory instruction of the court to find for plaintiffs the rent due from July 20 to May 6, at $50 per month. From the judgment defendant appeals.

The indebtedness sued for was claimed to be due upon a rent contract for a year at $50 a month, payable monthly. Each month's rent was a separate and distinct demand, or cause of action, and was so treated by plaintiffs. (Racke v. Anheuser-Busch Brewing Assn., 17 Texas Civ. App., 170; Davidson v. Hirsch, 45 Texas Civ. App., 631.

The demand for the rent from September 20, 1904, to May 20, 1905, set up for the first time in the County Court, was a new cause of action and should not have been entertained, over plaintiff's objection. The additional claim set up in the County Court should have been stricken out. (Sayles Civil Statutes, art. 358.)

It was error to charge the jury that under the uncontroverted evidence plaintiff was entitled to recover. Defendant testified that he refused to take the house for the second year unless plaintiffs would make certain repairs, which they agreed to do, and that it was only on account of this promise that he remained in possession and paid the rent for the additional two months. If his testimony be

true he did not exercise his option to keep the premises for another year, but only indicated his willingness to do so, if the repairs were made, and his refusal to do so if they were not made. The repairs not being made as agreed, according to his testimony, he declined to keep the house. The holding over for the two months under such circumstances cannot be held an exercise of the option to keep the house another year. If, prior to the expiration of the lease, defendant notified plaintiff that he would not continue the use of the building after the expiration of the year unless the repairs requested were made, and only remained the additional two months, for which he paid rent, upon their promise to make repairs, and the repairs were not made, he would not be liable. The issue should have been submitted to the jury. The judgment is reversed and the cause remanded.

*Reversed and remanded.*

### ON REHEARING.

One of the grounds upon which we reversed the judgment in the trial court in this case was that the demand for rent from September 20, 1904, to May 20, 1905, amounting to $400, set up for the first time in the County Court, to which court the case had been taken on appeal, should not have been entertained over appellant's objection.

Our judgment was based upon the ground that such claim was a new cause of action 'not pleaded in the Justice Court. The appellant also objected on the ground that the amount was beyond the jurisdiction of the Justice Court where the cause originated, but this ground was not disposed of by our opinion, it not appearing to be necessary to the disposition of the appeal. Upon this motion for rehearing it is suggested by appellee, for the first time, that appellant did not raise the objection passed upon by us.

Without determining whether or not this is correct, we are of the opinion that appellee could not plead in the County Court an additional demand beyond the jurisdiction of the Justice Court. This we understand to be the holding of the Supreme Court in Boudon v. Gilbert (67 Texas, 690). The motion is overruled.

*Reversed and remanded.*