## R. B. GEORGE MACHINERY COMPANY V. H. W. STARK.

No. 6098.   Decided June 30, 1934.
(73 S. W., 2d Series, 519.)

*Garnett & Garnett,* of Gainesville, *Burgess, Burgess, Chrestman & Brundidge, O. A. Fountain,* and *L. E. Elliott,* all of Dallas, for plaintiff in error.

*Adams & Jones,* of Gainesville, for defendant in error.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

This is an action for the recovery of damages for fraud, brought by H. W. Stark, the defendant in error against R. B. George Machinery Company, the plaintiff in error. The case was tried to a jury on special issues in June, 1930, resulting in a judgment for the Machinery Company. Stark appealed and

the Court of Civil Appeals reversed the trial court's judgment, and remanded the cause. 41 S. W. (2d) 1023.

The fraud plead by Stark, as the basis for the action, is alleged to have occurred in a certain sale transaction in which Stark purchased from the Machinery Company a certain second hand or used tractor. The fraud is alleged to consist of false statements made in the transaction by A. R. Adkinson, the agent of the Machinery Company, concerning the age of the tractor and the character and extent of the use to which same had been put. As to whether Adkinson made the false representations charged, the testimony was conflicting. In other words, a material fact issue in this respect was raised by both the pleading and the testimony in the case. At the request of Stark, the following special issue, regarding the fact issue thus raised, was submitted to the jury to-wit:

"1. Did the defendant's agent, A. R. Adkinson, make false and fraudulent representations with reference to the age of the tractor in question and the use which said tractor had been put at the time the order for said tractor was signed by the plaintiff?"

To this special issue, the jury answered "No." Stark, in due season, filed in the trial court his motion for new trial in which he assailed this finding of the jury on the alleged ground that said answer of the jury "is not sustained by the evidence and is against the weight of all the evidence offered on the trial." In reference to the action of the trial court in overruling the motion for new trial in this respect, Stark duly presented in the Court of Civil Appeals an assignment of error in the following words:

"The trial court erred in overruling the motion for new trial because the answer of the jury to the first question propounded is not sutained by the evidence and is against the weight of all the evidence offered on the trial?"

The Court of Civil Appeals sustained this assignment of error and reversed the judgment of the trial court and remanded the cause. In sustaining the above assignment of error, and entering the judgment of reversal and remand, the Court of Civil Appeals decided a fact question in respect to which the judgment of that court is made fiinal—namely, as to the sufficiency of the evidence to sustain the jury finding complained of. Marshburn v. Stewart, 113 Texas, 507; Maddox Motor Co. v. Ford Motor Co., 23 S. W. (2d) 333; Mulligan v. Omar Gasoline Co., 49 S. W. (2d) 706. Incidental to the sustaining of the assignment of error set out above, the Court of Civil Appeals held, in effect, that by virtue of the provision of

Article 2190 of the statutes, which reads as follows: "A claim that the evidence was insufficient to warrant the submission of any issue may be complained of for the first time after verdict, regardless of whether the submission of such issue was requested by the complaining party,"—the conduct of Stark in requesting the submission of the special issue hereinabove set out did not operate to estop him from urging the error alleged in said assignment of error. The Machinery Company contends that since the amended Article 2190, containing the provision just quoted, was not passed until the year 1931, long after this case was tried (See Acts 42nd Leg., Reg. Sess., chapter 78), such provision was not available to the Court of Civil Appeals in reaching a decision. Regardless of whether this contention be well founded or not, and regardless of whether the Court of Civil Appeals erred or not in making the holding it did, the judgment of reversal and remand which that Court entered must be respected. (Authorities supra.)

For the reasons stated, the judgment rendered by the Court of Civil Appeals, reversing the judgment of the trial court and remanding the cause, is affirmed.

Opinion adopted by the Supreme Court, June 30, 1934.