**SMITHAM v. CITY OF WICHITA FALLS.**

No. 13351.

Court of Civil Appeals of Texas. Fort Worth.

March 27, 1936.

Rehearing Denied May 1, 1936.

Thelbert Martin, of Wichita Falls, and Raymond M. Myers, of Dallas, for appellant.

W. E. George and Elmer H. Parish, both of Wichita Falls, for appellee.

BROWN, Justice.

Appellant, V. R. Smitham, was appointed city manager of the city of Wichita Falls, Tex., by the board of city aldermen, on August 1, 1931. The city of Wichita Falls is now and was, at the date of such appointment, what is commonly known as a home rule city.

Appellant's salary was fixed at the time of his employment at $7,500 a year. On or about June 6, 1933, appellant's salary was, by proper action of the board, fixed at $500 per month for a period ending April, 1934; and on or about April 1, 1934, as was the duty of the said manager, he prepared a budget to cover the ensuing fiscal year, and he testifies that in that budget his salary was fixed at $5,100 per year, but that the board refused to pass an ordinance fixing his salary at such sum and making the proper appropriation.

The record discloses that the board of city aldermen was deadlocked on the question of the salary of the city manager and of other employees of the city; that several ordinances were proposed attempting to fix the city manager's salary, and each and every ordinance failed of passage, because the members of the board of aldermen were hopelessly divided on the question. Finally, an ordinance was passed authorizing the payment to appellant, as city manager, the sum of $300 per month. This first emergency appropriation covered the period from April 1 to April 15, 1934, and provided that appellant receive $250 for the one-half month's salary, and under the remainder of the appropriations he was to receive $300 per month. The

following words were used in the ordinance making the appropriation: "That it is not intended by the passage of this ordinance to in any way affect or prevent those persons who are to receive payments hereunder on the basis of the proposed reduction in salaries from making claims for and collecting any balance that may be legally due them for services rendered during the period of time beginning April 15, 1934, and ending May 1, 1934."

Appellant was paid twice per month, and the vouchers carrying these payments bear the following words:

"For part payment salary last half April."

"For part payment of salary for first half May, 1934."

"For salary due 6–1–30, part payment for the last half May, 1934."

"For part payment salary for first half June, 1934."

"For part payment salary for last half June, 1934."

"For salary part payment for first half July, 1934."

"For part payment salary for last half July, 1934."

Appellant resigned as manager of the city of Wichita Falls about August 1, 1934, having served as such manager for three and one-half months after it became apparent that the board of city aldermen was deadlocked on the question of the amount of salary which would be paid him, as well as other employees of said city.

Appellant brought suit in the district court of Wichita county to recover of appellee, city of Wichita Falls, the sum of $700, such amount being the difference between the $500 per month salary which was paid to him by said city in prior fiscal years and the amount of $300 per month paid to him after the board of aldermen were unable to agree on the amount of his monthly or annual salary.

The cause was tried to the court and judgment rendered denying appellant the right to recover anything. He has appealed.

We do not believe that the authorities cited by appellant are applicable to his case, namely: 30 Tex.Jur. p. 24, City of San Antonio v. Tobin (Tex.Civ.App.) 101 S.W. 269, and City of San Antonio v. Beck (Tex.Civ.App.) 101 S.W. 263. These authorities simply hold, in substance, that, where there is no action taken by a city council to fix the salaries of the city employees, those salaries fixed by previous councils will be held to remain in force, or, if not, there is an implied contract to pay such previously fixed salaries to officers whose services are accepted by the city, and that former or subsequent ordinances fixing the salaries are admissible, since the implication arises that the officer is to receive the same salary that has formerly been paid. But we find no such situation in the cases supporting the Texas Jurisprudence text or in the authorities cited by appellant as is disclosed by the record before us.

It was made apparent to appellant that the board of city aldermen were unable to agree upon the amount of salary to be paid to him as city manager, and it thus appears that there could have been no implied promise to pay him any sum that had been previously paid to him, or any other city manager, and it is apparent to us that the language used in the ordinance, upon which appellant relies to recover the sum sued for, had no meaning other than that, if and when the board of aldermen, subsequent to the payment to him of $300 per month salary, saw fit to fix his salary at a greater sum than $300 per month, appellant would be entitled to be paid such additional sum.

In our opinion, appellant remained as city manager at a time when the board of aldermen were hopelessly split on the issue of reduction of his salary, and all salaries, and simply took his chances on being paid such sum as they might see fit to allow him. There was no express contract to pay appellant more than $300 per month salary, and the record does not disclose facts upon which we are able to find that there was an implied contract to pay him $500 a month.

All assignments of error are overruled, and the judgment of the trial court is affirmed.