## BUIE–CRAWFORD CO. v. CLEBURNE NAT. BANK.

### No. 1971.

Court of Civil Appeals of Texas. Waco.

Dec. 16, 1937.

Roy Anderson, of Cleburne, for appellant.

Irwin T. Ward, of Cleburne, for appellee.

ALEXANDER, Justice.

Buie-Crawford Company sued D. S. Evans in the justice court for debt and caused a writ of garnishment to be served on the Cleburne National Bank. After judgment had been entered in favor of the plaintiff in the main suit, a trial was had in the garnishment case and judgment rendered in favor of garnishee. Upon appeal to the county court, the garnishee filed plea in abatement, challenging the jurisdiction of that court on the ground that the justice court did not have jurisdiction of the main case. After hearing evidence, the trial court sustained plea in abatement and dismissed the suit. The plaintiff has appealed.

The trial court found that the main suit, as originally filed in the justice court, was for a debt in the sum of $180; that service of citation was had therein and the defendant defaulted; that thereafter the plaintiff amended its pleading and sought foreclosure of a chattel mortgage lien, but did not allege the value of the mortgaged property; and that thereafter judgment was entered in favor of the plaintiff against Evans for the debt, with foreclosure of the chattel mortgage lien. There was evidence to support such findings.

We agree with appellee's contention that a valid judgment in the main suit was a prerequisite to judgment against the garnishee in the garnishment case. 20 Tex.Jur. 754; Kelly v. Gibbs, 84 Tex. 143, 19 S.W. 380, 563. It is also well settled that a garnishment proceeding is ancillary to the main suit and jurisdiction to try the same is dependent entirely on the jurisdiction of the court to try the main suit. 20 Tex.Jur. 746; King & King v. Porter, 113 Tex. 198, 252 S.W. 1022.

When the suit was originally filed for the debt only, the amount sued for was within the jurisdiction of the justice court. That status prevailed at the time the writ of garnishment was issued and served, but, when the pleadings were later amended and plaintiff sought foreclosure of the mortgage

lien without alleging the value of the mortgaged property, the new matter so alleged, because of the failure to allege the value of the mortgaged property, was not brought within the jurisdiction of the justice court. 26 Tex.Jur. 817; 11 Tex.Jur. 743; Olloqui v. Duran, 127 Tex. 156, 92 S.W.2d 436; Campsey v. Brumley, Tex. Com.App., 55 S.W.2d 810.

█ The material question therefore to be determined is whether or not the justice court, having once acquired jurisdiction of the suit for the debt, lost jurisdiction of the whole controversy when plaintiff amended its pleadings and sought foreclosure of a lien that was not within the jurisdiction of the court. A similar question was before the Commission of Appeals in the case of Isbell v. Kenyon-Warner Dredging Co., 113 Tex. 528, 261 S.W. 762, and it was there held, in substance, that when a suit is brought in a court having jurisdiction thereof and thereafter plaintiff files an amended petition retaining the subject-matter of the original suit and in addition setting up new matter, such amended pleading speaks from the date of the original petition as to the subject-matter of the old suit and from the date of the filing of amendment as to the additional cause of action; that in such event the court retains jurisdiction of the original cause of action regardless of the nature of the new matter so alleged in the amendment, and where the new matter set up in the amendment is beyond or otherwise not within the jurisdiction of the court, it will be treated as surplusage and will not have the effect of destroying the jurisdiction of the court to try the original cause of action. 11 Tex.Jur. 768. Applying the above doctrine to the case at bar, we hold that, since the justice court acquired jurisdiction of the suit for the debt at the time the suit was originally filed and since the amended pleadings retained the old claim for such debt, the court retained jurisdiction to enter judgment for such debt although the matter set up in the amendment—the foreclosure of the lien— was beyond the jurisdiction of the court.

█ The justice court entered judgment for the debt and for foreclosure of the lien. As above set out, the court had jurisdiction to enter judgment for the debt but did not have jurisdiction to foreclose the lien. The judgment for the debt, however, is not rendered invalid because of this defect, for a judgment may be void in part and valid in part, depending upon the extent to which jurisdiction was acquired. 25 Tex.Jur. 695; State Mortgage Corporation v. Ludwig, 121 Tex. 268, 48 S.W.2d 950; Cooksey v. Jordan, 104 Tex. 618, 143 S.W. 141; Foote v. Sewall, 81 Tex. 659, 662, 17 S.W. 373; Barelli v. Wagner, 5 Tex.Civ.App. 445, 27 S.W. 17. The justice court therefore had jurisdiction to and did enter a valid judgment for the debt sued for, which judgment furnished a sufficient basis for the entry of judgment in the garnishment case. Consequently, the trial court erred in dismissing the garnishment proceedings in the county court because of the supposed lack of jurisdiction in the justice court to try the main suit.

The judgment of the trial court is reversed and the cause is remanded for a new trial.