**WESTERN FLAVOR-SEAL COMPANY, Appellant,**

v.

**Morris KALLISON, Appellee.**

**No. 14379.**

Court of Civil Appeals of Texas.

San Antonio.

April 21, 1965.

Frank P. Christian, San Antonio, for appellant.

Glosserman, Alter, Smith & Rosenheim, San Antonio, for appellee.

BARROW, Justice.

This is an appeal from a default judgment rendered by the County Court at Law No. 3 of Bexar County against appellant, Western Flavor-Seal Company, for rental payments due under a lease contract allegedly entered into by appellant with appellee, Morris Kallison. The questions presented are whether the county court had jurisdiction over the amount in controversy and whether it had jurisdiction to render judgment adjudicating the validity of the alleged lease contract. Appellant raised these questions by timely filing its motion for new trial and asserting a meritorious defense.

Appellee's petition was filed on July 30, 1964, and alleged that he had entered into a two-year lease contract with appellant,

to begin on August 1, 1963, and end on July 31, 1965, whereby appellant agreed to pay monthly rental payments of $250.00. Appellee alleged that appellant owed $100.00 on the April, 1964 rent and $250.00 for the months of May, June and July, 1964. He sought judgment for said debt, plus interest, attorney's fees and foreclosure of his landlord's and preference liens against the property of appellant in said leased premises. He also prayed for general relief.

■ It is well settled that when by the terms of the contract the rental is payable in monthly installments, upon default in the payment of the rent, the landlord may either stand on the contract and sue for each month's rent as it falls due, or he may sue once for all damages for breach of the contract. Amco Trust v. Naylor, Tex.Civ.App., 311 S.W.2d 257, rev. on other grounds, 159 Tex. 146, 317 S.W.2d 47, 73 A.L.R.2d 1109; Davidson v. Hirsh, 45 Tex. Civ.App. 631, 101 S.W. 269; 35 Tex.Jur. 2d 648; 13 Baylor Law Review 374, 378. Appellee's petition clearly shows an election to sue only for the payments in default at the time the petition was filed. He thereby asserted a claim for less than $1,000.00, and one within the jurisdiction of the county court. Metropolitan Life Ins. Co. v. Evans, Tex.Civ.App., 96 S.W.2d 152, no wr. hist.; Jones v. Dodd, Tex.Civ.App., 192 S.W. 1134, no wr. hist. Appellee did not seek an adjudication of the validity of the two-year lease contract, and such an adjudication was not necessary to his recovery for the past due rentals. Cf. Gossett v. Manley, Tex.Civ.App., 43 S.W.2d 622, wr. ref.

■ Appellant also urges that the county court lacked jurisdiction in that appellee did not allege the value of the property upon which he sought foreclosure of his statutory lien. It is settled law that in a suit to foreclose a statutory landlord's lien as sought by appellee herein the court's jurisdiction is determined by the amount of the debt and not the value of the property

upon which the lien exists, since the statute contemplates a foreclosure upon only so much of the property as is sufficient to satisfy the debt. Childress Oil Co. v. Wood, 111 Tex. 165, 230 S.W. 143; Southwestern Drug Corp. v. Webster, Tex.Civ. App., 246 S.W.2d 241, no wr. hist.; R. O. Kipp Co. v. Anglin, Tex.Civ.App., 270 S. W. 893, no wr. hist.; McDonald, Texas Civil Practice, § 1.13. It is therefore our opinion that the county court had jurisdiction over the subject matter of this suit.

The trial court properly rendered judgment upon appellant's default for the sum of $955.00, being the amount of the unpaid rentals, plus interest and attorney's fees. In addition, however, the trial court found and decreed that the parties had entered into a legal, valid and binding lease agreement commencing on August 1, 1963, at a monthly rental of $250.00.[1] We have heretofore pointed out that there were no pleadings seeking an adjudication of the validity of this lease, and had such been sought the county court would not have had jurisdiction of this case. Gossett v. Manley, supra. The trial court, therefore, erred in adjudicating the validity of the two-year lease. Farmers' National Bank v. Daggett, Tex.Com.App., 2 S.W.2d 834; Harrison v. Barngrover, Tex.Civ.App., 72 S.W.2d 971, wr. ref.; McDonald, Texas Civil Practice, § 6.24 and § 17.27.

The judgment is reformed to delete that portion of the judgment of October 12, 1964, finding and decreeing the validity of the lease agreement. In all other respects the judgment is affirmed. The costs of this appeal are taxed against the appellee.

1. "It is therefore ORDERED, ADJUDGED and DECREED that the Plaintiff as Lessor and Defendant as Lessee entered into a legal, valid and binding lease agreement covering the premises described as 614 Broadway, San Antonio, Bexar County, Texas for the term commencing August 1, 1963 at a monthly rental of $250.00, payable by Defendant to Plaintiff at the office of Plaintiff in the City of San Antonio, Bexar County, Texas on the first day of each month of said term and otherwise renewing the terms of the lease between Plaintiff and Defendant dated June 30, 1960 hereinabove referred to."