See also Tex.Civ.App., 389 S.W.2d 521.

**Morris KALLISON, Appellant,**

v.

**WESTERN FLAVOR–SEAL COMPANY,**
**Appellee.**

**No. 14481.**

Court of Civil Appeals of Texas.

San Antonio.

April 27, 1966.

Glosserman, Alter, Smith & Rosenheim, San Antonio, for appellant.

Frank P. Christian, San Antonio, for appellee.

BARROW, Justice.

The only question presented by this appeal is whether the County Court has jurisdiction of this suit filed by appellant, Morris Kallison, for sums alleged to be owing by appellee, Western Flavor-Seal Company, under a lease contract. The trial court determined from the pleadings that it did not have jurisdiction and dismissed the suit.

This is the second suit filed on the lease agreement allegedly entered into by appellant and appellee on August 1, 1963, for a period of two years, at a monthly rental of $250.00. See Western Flavor-Seal Company v. Kallison, 389 S.W.2d 521, no wr. hist.

On October 5, 1964, appellant filed this suit and alleged that appellee was in default for the months of August, September and October, 1964, and sought recovery of the sum of $750.00, together with ten per cent interest and attorney's fees, as provided by the contract. Thereafter, appellant filed three amended petitions in which the claim asserted in the original petition was restated and an additional cause of action alleged. In his third amended original petition appellant restated the original cause of action and alleged as an additional cause of action that appellee was in default on the lease agreement for the months of November, 1964, through July, 1965, less some credits for reletting of the premises by appellant, and sought to recover the sum of $750.00, as originally prayed for, and the additional sum of $1,450.00, together with interest and attorney's fees on each sum.

Appellee answered that appellant was suing on an oral two-year lease, and that same was unenforceable under the Statute of Frauds, Art. 3995, Subd. 4, Vernon's Ann. Civ.St. Appellee's plea to the jurisdiction was based upon three propositions: 1. The County Court did not have jurisdiction to determine the validity of the lease, since more than $1,000 was thereby put in issue; 2. Appellant's allegations of the jurisdictional amount were not made in good faith;

3. Appellant's third amended original petition shows on its face that more than $1,000 is in issue.

■ It is our opinion that the trial court properly dismissed this suit for want of jurisdiction. It is necessary to adjudicate the validity of the alleged two-year lease contract in order for appellant to recover. This put in issue a sum in excess of $1,000, and the County Court was without jurisdiction. Gossett v. Manley, Tex.Civ.App., 43 S.W.2d 622, wr. ref.; Western Flavor-Seal Company v. Kallison, supra.

■ Furthermore, appellant's third amended original petition asserts a claim in excess of the jurisdiction of the County Court. Appellant urges that although his additional cause of action, seeking to recover the sum of $1,450, is beyond the jurisdiction of the County Court, his original cause of action, which seeks a sum less than $1,-000, should be retained. See Isbell v. Kenyon-Warner Dredging Co., 113 Tex. 528, 261 S.W. 762; Western Wood Products Co. v. Box, Tex.Civ.App., 248 S.W.2d 974, no wr. hist.; Buie-Crawford Co. v. Cleburne Nat. Bank, Tex.Civ.App., 111 S.W.2d 830, no wr. hist.

It is our opinion that the rule set forth in these authorities is not applicable here. Appellant's third amended original petition asserts only one cause of action which had fully matured. All rents which might be owed under the alleged two-year contract were past due and it was alleged that appellee was not in possession of the premises during any of the period sued upon. Appellant seeks by this petition to recover the total sum of $2,200 under the contract. He will not be permitted to carve out and assert only so much of his claim as is within the jurisdiction of the County Court. Pecos & N. T. R. Co. v. Canyon Coal Co., 102 Tex. 478, 119 S.W. 294 (1909); Alfred v. Earl Hayes Rents Cars & Trucks, 390 S.W. 2d 839, no wr. hist.; Salter v. Nelson, Tex. Civ.App., 341 S.W.2d 567, no wr. hist.

The judgment is affirmed.