**REGAL PROPERTIES, a Partnership dba Creekside North Apartments, Appellant,**

v.

**L. L. DONOVITZ, Appellee.**

**No. 17882.**

Court of Civil Appeals of Texas, Dallas.

April 20, 1972.

Rehearing Denied May 4, 1972.

rental until December 1, 1970 and that, on that date, vacated said apartment and has failed and refused to pay the rent due. Plaintiff also sued for the sum of $90 as attorney's fee which was provided for in the lease. In the final paragraph of its petition plaintiff alleged:

"That rent will continue to accrue under said lease on the first day of each calendar month after December, 1970 until the expiration thereof. That, therefore, Defendant is further indebted to Plaintiff for the amount of such rent as the same accrues from this date until the time of trial."

In its prayer plaintiff asks to recover of the defendant "all rent accrued until the time of trial, together with its reasonable attorney's fees, but in no event less than the sum of $90.00."

Donovitz answered both with a denial and a counterclaim wherein he sought to recover the sum of $540 because of alleged breach of the lease.

The case came on for trial on November 10, 1971 and on that date Donovitz filed his motion to dismiss based upon the allegation that on the date of the filing of the petition the maximum jurisdiction of the county court at law was the sum of $1,000 and that plaintiff's action was for six months' rental at $180 per month or a total of $1,080, which exceeded the jurisdictional limits of the court. The court sustained this motion and entered an order dismissing the "styled and numbered cause."

Lawrence Fischman, Fischman, Rosenberg, Kasmir & Preston, Dallas, for appellant.

Walter J. Woodman, Shwiff & Woodman, Dallas, for appellee.

CLAUDE WILLIAMS, Chief Justice.

This is an appeal from an order of the County Court at Law No. 1 of Dallas County, dismissing a pending action for want of jurisdiction.

Regal Properties filed this suit on January 8, 1971 alleging that on June 20, 1970 it had, as lessor, entered into a written lease agreement with L. L. Donovitz, as lessee, whereby lessee agreed to pay the sum of $180 per month rental on an apartment. The lease was for a term of twelve months. It was alleged that lessee paid the

Immediately we are confronted with the question of whether the order sought to be appealed from is interlocutory, and therefore not appealable, because of the failure to make disposition of the counterclaim asserted by appellee. We hold that under the facts here presented and pursuant to the authority of North East Independent School Dist. v. Aldridge, 400 S.W.2d 893 (Tex.Sup.1966), that it will be presumed, for appeal purposes, that the trial court intended to, and did, dispose

of all parties and matters legally before it. As stated by the Supreme Court in *Aldridge*, the problem could have been eliminated entirely by a more careful drafting of the judgment to conform to the pleadings or by inclusion in the judgment of a simple statement that all relief not expressly granted is denied.

Appellant contends, in two points of error, that the trial court erred in dismissing its action for want of jurisdiction because both at the time of filing of the suit and at the time the case came on for trial the county court at law possessed the statutory jurisdictional authority to hear and determine the case. We agree.

At the time this suit was filed on January 8, 1971 the county court at law had exclusive jurisdiction where the amount in controversy exceeded the sum of $200 (exclusive of costs and interest); but less than $500 and concurrent original jurisdiction with the district court where the matter in controversy shall exceed $500 and not exceed $1,000, exclusive of interest. Articles 1949 and 1950, Vernon's Tex.Rev. Civ.Stat.Ann.*

Effective June 15, 1971 the legislature enacted Article 1970a, which provided:

"Amount in Controversy. All county courts at law * * * shall have jurisdiction concurrent with that of the district court when the matter in controversy shall exceed in value Five Hundred Dollars ($500) and shall not exceed Five Thousand Dollars ($5,000) exclusive of interest."

■ To determine whether the county court at law had jurisdiction of the suit at the time it was filed on January 8, 1971, we look to the averments of the pleadings or the amount demanded by the plaintiff at that time. Isbell v. Kenyon-Warner Dredging Co., 113 Tex. 528, 261 S.W. 762 (Tex.Comm'n App.1924); W. R. Case & Sons Cutlery v. Canode, 205 S.W. 350

(Tex.Civ.App., Amarillo 1918). When the petition was filed plaintiff alleged that it was entitled to recover the sum of $180, representing the amount of unpaid rental then due, together with the further sum of $90 as attorney's fees. This would clearly bring the amount sought within the jurisdiction of the county court at law pursuant to Article 1949, then applicable. The facts here are unlike those in Kallison v. Western Flavor-Seal Co., 403 S.W.2d 507 (Tex.Civ.App., San Antonio 1966), relied upon by appellee. In *Kallison* the landlord filed his original suit to recover rent in the sum of $750 and thereafter, by a third amended original petition, increased the amount sought to be recovered to $1,450 which was in excess of the maximum statutory jurisdiction of the county court at law at that time.

■ Appellant-plaintiff also asked the court, in its original pleading, to allow it to recover each month's rental on the lease contract, as the same accrued. This it had the right to do since where rent is payable monthly each month's rent constitutes a separate and independent cause of action. Davidson v. Hirsh, 45 Tex.Civ.App. 631, 101 S.W. 269 (1907); Williams v. Houston Cornice Works, 46 Tex.Civ.App. 70, 101 S.W. 839 (1907). The new cause of action for each month's rent as it accrued did not destroy the jurisdiction of the court. Isbell v. Kenyon-Warner Dredging Co., 113 Tex. 528, 261 S.W. 762 (Tex.Comm'n App.1924); and Buie-Crawford Co. v. Cleburne National Bank, 111 S.W.2d 830 (Tex.Civ.App., Waco 1937).

■ Prior to the time the lease agreement expired by its terms on June 20, 1971, and to-wit, June 15, 1971, the legislature enacted Article 1970a which increased the jurisdiction of the county court at law to $5,000, exclusive of interest. An act of the legislature is operative as notice of its provisions when it becomes effective as a law. Popham v. Patterson, 121 Tex. 615, 51 S.

---

* For the creation, name, and jurisdiction of the County Court of Dallas County at Law

No. 1, see Articles 1970–1, 1970–2 and 1970–3, V.A.C.S.

W.2d 680 (1932); Norton v. Kleberg County, 149 Tex. 261, 231 S.W.2d 716 (1950); Anderson v. Penix, 138 Tex. 596, 161 S.W.2d 455 (1942); and Calvert v. General Asphalt Company, 409 S.W.2d 935 (Tex.Civ.App., Austin 1966). Accordingly, on June 15, 1971, the effective date of Article 1970a, V.A.C.S., all parties and the court had notice that the County Court at Law of Dallas County possessed jurisdiction to hear and determine a cause of action involving an amount not to exceed $5,000, exclusive of interest.

While appellee concedes that the statute increasing the jurisdiction of the county court at law became effective several months prior to the time the case came on for trial he argues that the statute cannot be given retroactive effect so as to apply to the pending case. He also contends that in order to take advantage of the new statute and to avoid the effect of a plea to the jurisdiction it would have been necessary for appellant to have amended its pleadings or refiled the suit. We cannot agree with appellee on either of these contentions.

■ While Article 1, Section 16, of the Texas Constitution Vernon's Ann.St., forbids the retroactive application of legislative enactments, statutes relating to procedure or remedies do not fall within this constitutional ban. Bristow v. Nesbitt, 280 S.W.2d 957 (Tex.Civ.App., Eastland 1955); Bryant v. State, 457 S.W.2d 72 (Tex.Civ.App., Eastland 1970, writ ref'd n. r. e.); and Holt v. Wheeler, 301 S.W.2d 678 (Tex.Civ.App., Galveston 1957, writ dism'd). Statutes dealing with and having application to remedial and procedural matters apply to pending litigation from their effective date. Bristow v. Nesbitt, supra; Walker v. Lyles, 45 S.W.2d 315 (Tex.Civ.App., Texarkana 1931, affirmed 124 Tex. 38, 72 S.W.2d 1113, Tex.Comm'n App. 1934); Bruton v. Texas Power & Light Co., 44 S.W.2d 462 (Tex.Civ.App., Dallas 1931); and Stark v. R. B. George Machinery Co., 41 S.W.2d 1023 (Tex.Civ. App., Fort Worth 1931, affirmed 123 Tex. 529, 73 S.W.2d 519, Tex.Comm'n App. 1934).

In Brooks v. Texas Employers Ins. Ass'n, 358 S.W.2d 412 (Tex.Civ.App., Houston 1962, writ ref'd n. r. e.), the court made an extensive review of the judicial distinction between statutes dealing with substantive law and those dealing with purely procedural matters. Quoting from Bardwell v. Anderson, 325 S.W.2d 929 (Tex.Civ.App., Houston 1959), the court said:

"The general rule is that in the absence of an express intention to the contrary, legislation dealing with a procedural matter applies to pending litigation to the extent that subsequent steps in the case are to be taken under the new rule. Past steps taken under a rule or statute will not be affected, but subsequent steps will be governed by the new rule provided a reasonable time is afforded in which to take them. A remedy must not be denied by entirely eliminating it or be so unduly limited as to amount to a denial of it, such as by changing the time within which it may be resorted to so that it cannot as a practical matter be asserted." (Citing authorities.)

Numerous additional authorities, including DeCordova v. City of Galveston, 4 Tex. 470 (1849), to the present time may be found in the footnotes following § 29, 53 Tex.Jur.2d, "Statutes", pp. 53–56.

From these authorities we are convinced that the provision of Article 1970a, V.A.C. S., which became effective June 15, 1971 during the pendency of this case in the county court at law, deals with procedure; has no possible effect on the substantive rights of the parties; and controls future action in the pending litigation. While it is true the statute is exclusively jurisdictional in nature as opposed to purely procedural statutes yet it relates only to procedure and does not, in any manner, affect the basic substantive rights of the parties.

■ Accordingly, on June 15, 1971, the County Court at Law No. 1 of Dallas County became automatically empowered to hear and determine a cause of action which involved no more than $5,000, exclusive of interest. This included the pending action so that it should not have been dismissed.

Appellant's points of error are sustained and the judgment is reversed and remanded to the trial court for further proceedings not inconsistent with this opinion.

Reversed and remanded.